IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **FOOD NOT BOMBS HOUSTON, BRANDON WALSH** | § § § § | |
| *Plaintiffs* | § § | |
| v. | § § | C.A. No. 4:24-CV-00338 |
| **THE CITY OF HOUSTON, TEXAS,** | § § § | |
| *Defendant* | § § | |

### DEFENDANT CITY OF HOUSTON'S
### TRIAL BRIEF ON PRELIMINARY INJUNCTION STANDARD

**Plaintiffs cannot meet their high burden of proof under FRCP 65.**

1. Plaintiffs cannot meet all four elements of the balancing test set forth in *Winter v. Natural Resources Defense Counsel* in seeking preliminary injunction in this case. 555 U.S. 7, ___ (2008). "To be entitled to a preliminary injunction, the applicant must show (1) a substantial likelihood that he will prevail on the merits; (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted; his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin; and (4) granting the preliminary injunction will not disserve the public interest. *Lake Charles Diesel, Inc. v. Gen. Motors Corp.*, 328 F.3d 192, 195-96 (5th Cir. 2003) (internal footnotes and quotation marks omitted). A preliminary injunction is an extraordinary remedy which should not be granted unless the party

seeking it has clearly carried the burden of persuasion on all four requirements. *Id*. Plaintiffs cannot show Houston's charitable feeding ordinance is unconstitutional on its face or as applied to them. *See* Houston Code of Ordinances, Chapter 20, Article V. Charitable Food Services, §20-251, *et seq*.

### Likelihood of Success on the Merits

2. Plaintiffs cannot demonstrate they are likely to succeed on the merits of their underlying cause of action. The Charitable Feeding Ordinance is a valid exercise of the City's authority to regulate public space. *See Dykes v. City of Houston*, 406 S.W.2d 176, 181 (Tex. 1966) (a city has the general power to regulate the use of streets within its territory and the general duty to protect the public from hazards therein and promote the public convenience); TEX. LOC. GOV'T CODE §51.072; City of Houston Charter Art. II, Sec. 2 (City Council shall have the power to enact and to enforce all ordinances necessary to protect life, health and property; to prevent and summarily abate and remove nuisances). "[N]othing in the Constitution requires the Government freely to grant access to all who wish to exercise their right to free speech on every type of Government property without regard to the nature of the property or to the disruption that might be caused by the speaker's activities." *Cornelius v. NAACP Legal Def. & Educ. Fund, Inc.*, 473 U.S. 788, 799–800 (1985). The government may impose reasonable restrictions on the time, place or manner of protected speech, provided the restrictions "are justified

2

without reference to the content of the regulated speech, that they are narrowly tailored to serve a significant government interest, and that they leave open ample alternative channels for communication of the information." *Ward v. Rock Against Racism*, 491 U.S. 781, 791 (1989) (quoting *Clark v. Community. For Creative Non-Violence*, 468 U.S. 288, 293 (1984));

### Likelihood of Irreparable Harm

3. Plaintiffs cannot provide a real and immediate threat of future injury by the defendant if the injunction is not granted. *City of Los Angeles v. Lyons*, 461 U.S. 95, 107 n. 8 (1983). In order to demonstrate an injury is irreparable, Plaintiffs must demonstrate that the harm cannot be undone by an award of money damages. *Deerfield Med. Ctr. V. City of Deerfield Beach*, 661 F.2d 328, 338 (5th Cir. 1981). Plaintiffs will not suffer immediate, irreparable harm without the injunction because an approved, alternative downtown feeding location at 61 Riesner adjacent to the Municipal Courthouse is available 24 hours, 7 days a week for charitable feeding activities and Plaintiffs can convey their message in such alternate public forum with no irreparable harm to their expressive activity.

### Balance of Equities and Hardships

4. Legislation may regulate the health, safety and general welfare of the public, even if individuals are sometimes penalized under the law. *See, e.g., Braunfeld v. Brown*, 366 U.S. 599, 605 (1961). All the requirements in Houston's

charitable feeding ordinance promote sanitation and safety, and support Houston's enforcement of its health and safety ordinances, State law prohibiting public health nuisances, and State law prohibiting littering and illegal dumping. *See* TEX. HEALTH & SAFETY CODE §341.011, et seq. (regulating public health nuisances), §365.012 (regulating the disposal of litter or other solid waste at a place that is not an approved solid waste site, including on public property); *see also* Houston Code of Ordinances §28-19 (regulating use of public space as restrooms), §10-483 (regulating the accumulation of any boxes that may be used as a harborage for rats). The City has an obligation to ensure its properties are able to be used for their intended public purpose and are as safe, clean, and orderly as possible for the benefit of all its residents. The legitimate state interests of curbing loitering, crowds, trash accumulation, noise, unsanitary food serving practices, traffic, and ensuring overall public safety are substantial governmental interests unrelated to the suppression of free speech.

5.  Plaintiffs cannot prove that their interest in obtaining an injunction outweighs the burden that an injunction would place on the defendant. Granting the injunction by allowing Plaintiffs to conduct feeding operations at any time and place, without the permission of the property owner, would harm Plaintiffs, the vulnerable population Plaintiffs serve, and the general public more than it would facilitate Plaintiffs' ability to engage in protected speech.

**Public Interest**

The ordinance is in the best interest of the public, including the vulnerable population being served by Plaintiffs. Coordination of location and times of food service maximizes the distribution of food throughout the week. Following the FDA Model Food Code/ Houston Food Ordinance requirements for food preparation, transport, serving, handling, storage and packing minimizes the likelihood of customers getting food poisoning from food that is voluntarily provided.  Having dedicated parking spaces during charitable food service events, adequate trash containment to contain all trash, refuse, and litter on the site of the food service event; and portable restrooms with handwashing stations available during food service events promotes and ensures safe delivery and cleanup of food services.

Because Plaintiffs cannot meet their burden to prove each of the four elements to be entitled to injunctive relief, Defendant City of Houston respectfully requests that Plaintiffs' request for injunctive relief be denied.

Respectfully submitted,

**ARTURO G. MICHEL**
City Attorney
**SUZANNE R. CHAUVIN**
Chief, General Litigation Section

*/s/ M. Lucille Anderson*
M. Lucille Anderson
Attorney-in-charge
Sr. Assistant City Attorney III
Federal ID No. 19377
Texas State Bar No. 00793260
MLucille.Anderson@houstontx.gov
Kenneth Soh
Sr. Assistant City Attorney III
Federal ID No. 11882
Texas State Bar No.: 00794670
Kenneth.soh@houstontx.gov
City of Houston Legal Department
P.O. Box 368
Houston, Texas 77001-0368
832.393.6485
832.393.6259 Fax

**ATTORNEYS FOR DEFENDANT
CITY OF HOUSTON, TEXAS**

## CERTIFICATE OF SERVICE

On the 12th day of February, 2024, pursuant to Federal Rules of Civil Procedure, a true copy of the instrument to which this Certificate is attached was duly served upon each party to this cause via hand delivery.

　　　　　　　　　　　　　　*/s/ M. Lucille Anderson*
　　　　　　　　　　　　　　M. Lucille Anderson
　　　　　　　　　　　　　　Attorney for Defendant