## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **FOOD NOT BOMBS HOUSTON,** | § | |
| **BRANDON WALSH,** | § | |
| | § | |
| **Plaintiffs** | § | |
| | § | **C.A. NO. 4:24-CV-338** |
| **v.** | § | |
| | § | |
| **THE CITY OF HOUSTON, TEXAS,** | § | |
| | § | |
| **Defendant** | § | |
| | § | **Judge Andrew Hanen** |

### DEFENDANT CITY OF HOUSTON'S RULE 12(B)(6)
### PARTIAL MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND
### <u>RULE 12(E) MOTION FOR MORE DEFINITE STATEMENT</u>

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant City of Houston, Texas files this Partial Motion to Dismiss Plaintiff's Complaint for Declaratory and Injunctive Relief (Dkt. 1) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and Motion for More Definite Statement under Rule 12(e) of the Federal Rules of Civil Procedure, and would respectfully show the Court as follows:

## <u>TABLE OF CONTENTS</u>

I.     NATURE AND STAGE OF THE PROCEEDINGS.................................1

II.    STATEMENT OF THE ISSUES AND STANDARD OF REVIEW........1

III.   SUMMARY OF THE ARGUMENT .........................................................2

IV.   ARGUMENT AND AUTHORITIES .......................................................4

    A.    LEGAL STANDARD FOR RULE 12 MOTION TO DISMISS ....4

    B.    DISMISSAL OF PLAINTIFFS' FACIAL CONSTITUTIONAL
          CLAIMS UNDER RULE 12(b)(6) IS APPROPRIATE ................6

         1.   Houston's content-neutral official policies do not cause a
             constitutional injury to Plaintiffs.................................................6

         2.   Plaintiffs' facial challenges under 42 U.S.C. §1983 and the First
             Amendment to the United States Constitution
             are time-barred ..........................................................................12

         3.   Plaintiff Walsh's claims for alleged civil rights violations are
             barred by lack of standing and *Heck v. Humphrey* .................16

    C.    MOTION FOR MORE DEFINITE STATEMENT ON
          PLAINTIFFS' AS APPLIED CONSTITUTIONAL
          CLAIMS ..................................................................................18

V.    CONCLUSION AND PRAYER FOR RELIEF .......................................19

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
   556 U.S. 662, 678 (2009) ......................................................................5

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ........................................................................4, 5

*Burrell v. Newsome*,
   883 F.2d 416, 418 (5th Cir. 1989) ......................................................12

*City of Houston v. Guthrie*,
   332 S.W.3d 578, 596-97 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) ...17

*City of Los Angeles v. Patel*,
   576 U.S. 409, 415 (2015) ..................................................................10

*City of Richardson v. Kaplan*,
   438 S.W.2d 366, 366 Tex. 1969 ........................................................18

*Clark v. Community for Creative Non-Violence*,
   468 U.S. 288, 293 (1984) ....................................................................8

*Consumer Serv. Alliance of Tex., Inc. v. City of Dallas*,
   433 S.W.3d 796, 803-04 (Tex. App.—Dallas 2014, no pet.)..............................18

*Cornelius v. NAACP Legal Defense & Ed. Fund, Inc.*,
   473 U.S. 788, 799 (1985) ................................................................7, 8

*Cox v. Louisiana*,
   379 U.S. 536 (1965) ............................................................... 6, 10, 12

*Cox v. New Hampshire*,
   312 U.S. 569, 574 (1941) ....................................................................6

*Forsyth County v. Nationalist Movement,*
    505 U.S. 123, 131 (1992) ............................................................... 11, 12

*Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California,*
    463 U.S. 1, 15 (1983) (citation omitted) ................................................6

*Frame v. City of Arlington,*
    657 F.3d 215, 240 (5th Cir. 2011) ......................................................13

*Funk v. Stryker Corp.,*
    631 F.3d 777, 783 (5th Cir. 2011) ........................................................5

*Gartrell v. Gaylor,*
    981 F.2d 254, 257 (5th Cir. 1993) ......................................................13

*Haye v. State,*
    634 S.W.2d 313, 315 (Tex. Crim. App. 1982) ......................................9

*Jackson v. Johnson,*
    950 F.2d 263, 265 (5th Cir. 1992) ......................................................12

*Johnson v. City of Dallas, Tex.,*
    61 F.3d 442, 444 (5th Cir. 1995) ........................................................16

*Karr v. Schmidt,*
    460 F.2d 609, 613 (5th Cir. 1972) ........................................................7

*King-White v. Humble Indep. Sch. Dist.,*
    803 F.3d 754, 760 (5th Cir. 2015) ......................................................12

*Lavellee v. Listi,*
    611 F.2d 1129, 1131 (5th Cir.1980) ....................................................15

*Longoria v. City of Bay City, Texas,*
    779 F.2d 1136, 1138 (5th Cir. 1986) ..................................................13

*Malone v. City of Houston,*
    278 S.W.2d 204, 206 (Tex. Civ. App.—Galveston 1955, writ ref'd n.r.e.).........17

*McCullen v. Coakley*,
   573 U.S. 464, 478-79 (2014) ..................................................................9

*Moore v.  Donald*,
   30 F.3d 616, 620 (5th Cir. 1994) ................................................... 12, 13

*Niemotko v. State of Md.*,
   340 U.S. 268, 271 (1951) ...................................................................11

*Peraza v. State*,
   467 S.W.3d 508, 514-15 (Tex. Crim. App. 2015),
   cert. denied, 577 U.S. 1153 (2016) ....................................................11

*Piotrowski v. City of Houston*,
   237 F.3d 567, 576 (5th Cir. 2001) ......................................... 1, 13, 14

*Piotrowski v. City of Houston*,
   51 F.3d 512, 514 n.5 (5th Cir. 1995) .................................................14

*Rios v. City of Del Rio, Texas*,
   444 F.3d 417, 421 (5th Cir. 2006), *cert. denied*, 549 U.S. 825 (2006) ..................5

*Ryan v. Rosenthal*,
   314 S.W.3d 136, 142-43 (Tex. App.—Houston [14th Dist.] 2010, pet. denied) .18

*Schenk v. Pro-Choice Network of Western New York*,
   519 U.S. 357, 376 (1997) ...................................................................9

*Schultea v. Wood*,
   47 F.3d 1427, 1433 (5th Cir. 1995) ...................................................7

*Singleton v. Darby*
   609 F. App'x 190, 195 (5th Cir. 2015) .............................................10

*Snyder v. Phelps*,
   562 U.S. 443, 456 (2011) ...................................................................7

*Soc'y of Separationists, Inc. v. Herman*,
   959 F.2d 1283, 1288 (5th Cir.1992) .............................................1, 16

*Spotts v. United States*,
   613 F.3d 559, 574 (5th Cir. 2010) ..........................................................13

*State v. Logue*,
   376 S.W.2d 567, 569 (Tex. 1964) ..........................................................18

*State v. Morales*,
   869 S.W.2d 941, 942 (Tex. 1994) ..........................................................17

*Stecher v. City of Houston*,
   272 S.W.2d 925, 928 (Tex. Civ. App.—Galveston 1954, writ ref'd n.r.e.) ........17

*Thomas v. Chicago Park Dist.*,
   534 U.S. 316, 323 (2002) ..........................................................6

*True v. Robles*,
   599 F.3d 458 (5th Cir. 2010) ..........................................................5

*United States v. Salerno*,
   481 U.S. 739, 745 (1987) ..........................................................11

*United States v. O'Brien*,
   391 U.S. 367, 376-77 (1968)................................................... 1, 7, 10

**Statutes**

42 U.S.C. § 1983 ..........................................................15

Tex. Health and Safety Code §§431.001, *et seq*.; 438.001, *et seq* ……...…...9

Tex. Loc. Gov't Code §51.003(a)…………………………………………...3, 15

**Rules**

Federal Rule of Civil Procedure 8(a)(2) ..........................................................4

Federal Rule of Civil Procedure 12(b)(6) .......................................................... *ibid*.

Federal Rule of Civil Procedure 12(e) ..........................................................4

Federal Rule of Evidence 201(b),(c) …………………………….…..….…………5

Houston moves to dismiss Plaintiffs' claims that Sections 20-252 and 20-257 of Houston's Charitable Feeding Ordinance are facially unconstitutional and violated Plaintiffs' civil rights pursuant to Rule 12(b)(6). Houston also moves for a more definite statement on Plaintiffs' as-applied constitutional and civil rights violation claims pursuant to Rule 12(e).

## I.     NATURE AND STAGE OF THE PROCEEDINGS

Plaintiffs filed their Complaint for Declaratory and Injunctive Relief on January 30, 2024 (Dkt. 1). This case is in its initial stages and Defendant seeks dismissal of the portions of Plaintiffs' complaint that fail to state a claim upon which relief can be granted. Defendant also seeks a more definite statement on Plaintiffs' as applied constitutional and civil rights violations claims.

## II.   STATEMENT OF THE ISSUES AND STANDARD FOR REVIEW

1.     Does Houston's Charitable Feeding Ordinance meet the standard in *United States v. O'Brien*, 391 U.S. 367, 376-77 (1968)?

2.     Are Plaintiff's facial constitutional claims against Houston time-barred? *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001).

3.     Does Plaintiff Walsh have standing to challenge the enforcement of Houston's Charitable Feeding Ordinance and has Plaintiff Walsh sufficiently alleged civil rights violations under 42 U.S.C. §1983*? Soc'y of Separationists, Inc. v. Herman,* 959 F.2d 1283, 1288 (5th Cir.1992); *Heck v. Humphrey*, 512 U.S. 477 (1994).

4.     Can Plaintiffs cure some or all of their pleading deficiencies on their as applied claims by providing a more definite statement? FED. R. CIV. P. 12(e).

### III.    SUMMARY OF THE ARGUMENT

1.    The challenged City ordinance regarding charitable feeding was passed for the health and safety of Houston's citizens and does not on its face violate the constitutional rights of Plaintiffs Food Not Bombs Houston [FNBH] and Brandon Walsh. Houston's Charitable Feeding Ordinances Nos. 2012-269 and 2015-820, enacted in 2012 and 2015 and codified in the City of Houston, Code of Ordinances in §§ 20-251 through 257 ("the Ordinance") states, in relevant part:

> It shall be unlawful for any organization or individual to sponsor or conduct a food service event on public or private property without the advance written consent of the public or private property owner or other individual with lawful control of the property.

*See* Ordinance Chapter 20, Article V, §20-252.  An individual or organization who wishes to engage in a "food service event," i.e., feed more than five people, on public or private property must obtain the consent of the property owner. *Id*. Section 20-257 requires the director of public health to develop rules, regulations, and criteria for the use of city property for food service events and requires the City to maintain a list of such properties with areas approved for food service events.  *See* Ordinance Chapter 20, Article V, §20-257.

2.    Plaintiffs are an unincorporated association and one affiliated individual. (Dkt. 1, ¶¶ 16-17). Plaintiffs allege that they are a political association expressing a political message and that their activity of sharing food with members of their community is a form of protest. (Dkt. 1, ¶¶ 20-21). Plaintiffs engage in food

2

sharing at the Central Library and on other public property on an immediate basis, such as when there are leftovers from a Central Library event. (Dkt. 1, ¶22).

3.    Plaintiffs claim that the Ordinance is unconstitutional because it impermissibly restricts their rights to free speech, freedom of assembly, and freedom to engage in expressive conduct by limiting their ability to engage in food sharing. (Dkt. 1, ¶¶70-73). Plaintiffs seek to prevent Houston officials from exercising their governmental function to regulate health and safety, including Houston's governmental obligations to ensure healthy and safe food distribution. (Dkt. 1 at 25-26). Governmental functions include addressing problems of poor sanitation, crime, loitering, crowds, heavy trash accumulation, noise, traffic control, and food safety. *See generally* TEX. LOC. GOV'T CODE § 51.072; CITY OF HOUSTON CHARTER ART. II, SEC. 2.

4.    It is undisputed that Plaintiff Walsh has not been cited, prosecuted, or fined under the Ordinance for food sharing. (Dkt. 1, ¶10). Instead, Plaintiff Walsh is "at risk of a citation while engaging in protected expression." (Dkt. 1, ¶55). Plaintiff Walsh is not in any immediate danger of being prosecuted for any violations of the complained-of ordinances and his claims should be dismissed for lack of standing.

5.    Plaintiffs have not made separate allegations of deprivation of rights in violation of the U.S. Constitution, but rather make conclusory statements of some of the elements of a constitutional violation. Plaintiffs do not allege facts showing that

3

the municipal government's conduct was not related to furthering a legitimate government interest of Houston, nor that they are entitled to the overbroad declaratory and injunctive relief they seek, at the expense of other Houstonians. Plaintiffs' alleged facts show Houston has engaged in content-neutral regulatory functions that apply to public property and are legitimately undertaken by Houston for the welfare of all of its citizens. Plaintiffs' First and Fourteenth Amendment facial challenges to the Ordinance first enacted in 2012 are barred by the applicable statute of limitations and Plaintiffs cannot prove there is no set of circumstances under which the content-neutral Ordinance would be valid. Plaintiffs' claims that Ordinance Sections 20-252 and 20-257 are facially unconstitutional should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs' overly broad as applied constitutional and civil rights violations claims should be repleaded with specificity pursuant to Federal Rule of Civil Procedure 12(e).

## IV.   ARGUMENT AND AUTHORITIES

## A.   LEGAL STANDARD FOR RULE 12(B)(6) MOTION TO DISMISS

6.     A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A plaintiff is required to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff must plead facts sufficient "to raise a right to relief above the speculative level." *Id.* at 555.

7. Rule 12(b)(6) mandates dismissal when a plaintiff fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). In considering a dismissal under Rule 12(b), the court must accept as true all "well-pleaded facts" and must view those facts "in the light most favorable to the plaintiff." *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009) (citation omitted). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice" under Rule 12(b). *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief …" *Rios v. City of Del Rio, Texas*, 444 F.3d 417, 421 (5th Cir. 2006), *cert. denied*, 549 U.S. 825 (2006). "Dismissal is appropriate when the plaintiff has not alleged 'enough facts to state a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.'" *True*, 571 F.3d at 417 (citing *Twombly*, 550 U.S. at 555).

8. When deciding a motion to dismiss, a district court may take judicial notice of facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. FED. R. EVID. 201(b); *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011). The court must take notice of a fact on its own or where "a party requests it and the court is supplied with the necessary information." FED. R. EVID. 201(c). The Declaratory Judgment Act 28 U.S.C. §2201, is procedural only, and does not expand the jurisdiction of the federal courts.

*Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 15 (1983) (citation omitted).

**B.  DISMISSAL OF PLAINTIFFS' FACIAL CONSTITUTIONAL CLAIMS IS APPROPRIATE**

**1.  Houston's content-neutral official policies do not cause a constitutional injury to Plaintiffs**

9.      The City has the right to regulate the provision of food and to regulate the use of city streets and other city facilities to assure the safety and convenience of the people in their use and the concomitant right of the people of free speech and assembly. *Cox v. Louisiana*, 379 U.S. 536, 554 (1965).  The Ordinance does not interfere with Plaintiffs' First Amendment rights, but rather protects citizens from the dangers of feeding events that do not meet the City's health and safety standards. The United States Supreme Court has held that a municipal park ordinance that requires individuals to obtain a permit in advance of conducting more-than-50 person events did not have to contain procedural safeguards applicable to content-based restrictions to be consistent with the First Amendment and was a content-neutral time, place, and manner regulation of the use of a public forum.  *Thomas v. Chicago Park Dist.*, 534 U.S. 316, 323 (2002).  "Regulations of the use of a public forum that ensure the safety and convenience of the people are not 'inconsistent with civil liberties but … [are] one of the means of safeguarding the good order upon which [civil liberties] ultimately depend."  *Id,*, citing *Cox v. New Hampshire*, 312

U.S. 569, 574 (1941).  The Ordinance does not require that anyone obtain a permit or pay a fee. Instead, Section 20-257 merely authorizes the director of the parks and recreation and the director of public health to issue rules and regulations regarding the use of public properties for food service events and to maintain a list of properties already approved for such events. By ensuring the public health concerns regarding food preparation, handling and storage are addressed, the Ordinance protects all citizens of Houston and is not inconsistent with civil liberties protected by the First Amendment.

10.    A Section 1983 plaintiff must plead specific facts demonstrating a constitutional deprivation and may not merely rest on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995). The United States Supreme Court has held that it "cannot accept the view that an apparently limitless variety of conduct can be labeled 'speech' whenever the person engaging in the conduct intends thereby to express an idea." *Karr v. Schmidt*, 460 F.2d 609, 613 (5th Cir. 1972) (citing *O'Brien*, 391 U.S. at 376).  "'Even protected speech is not equally permissible in all places and at all times.'" *Snyder v. Phelps*, 562 U.S. 443, 456 (2011) (quoting *Cornelius v. NAACP Legal Defense & Ed. Fund, Inc*., 473 U.S. 788, 799 (1985)).  "Nothing in the Constitution requires the Government freely to grant access to all who wish to exercise their right to free speech on every type of Government property without regard to the nature of the property or to the disruption

that might be caused by the speaker's activities." *Cornelius*, 473 U.S. at 799-800.

Protected speech is "subject to reasonable time, place, or manner restrictions." *Clark*

*v. Community for Creative Non-Violence*, 468 U.S. 288, 293 (1984). Time, place,

and manner restrictions on both speech and free exercise have routinely been upheld.

*Id*. As the Supreme Court explained:

> [R]estrictions of this kind are valid provided that they are justified
> without reference to the content of the regulated speech, that they are
> narrowly tailored to serve a significant governmental interest, and that
> they leave open ample alternative channels for communication of the
> information.

*Id.* (internal citations omitted).

11.     The Ordinance promotes the orderly use of private and public spaces

and regulates behaviors that pose a public sanitation, health and safety risk. *Clark*,

468 U.S. at 296 (government has a legitimate interest in ensuring that parks are

attractive, intact, and readily available to the people who wish to see and enjoy them

by their presence). Governments have a "substantial interest" in maintaining public

spaces for the public to use and enjoy safely and free of health hazards. *Id*.

"Although it is common to place the burden upon the Government to justify

impingements on First Amendment interests, it is the obligation of the person

desiring to engage in assertedly expressive conduct to demonstrate that the First

Amendment even applies." *Clark*, 468 U.S. at 293 n.5. The First Amendment, while

powerful, simply cannot protect a citizen from spoiled food and associated health

concerns. Condoning speech that requires ordinary citizens to be exposed to unregulated food does not achieve the City's health and safety interests. *See, e.g., McCullen v. Coakley*, 573 U.S. 464, 478-79 (2014) (regulation that serves purposes unrelated to the content of expression is deemed neutral) (citation omitted).

12.   In assessing a First Amendment challenge, courts look not only at private claims asserted in the complaint, but also into governmental interests including ensuring public health, safety and order. *Schenk v. Pro-Choice Network of Western New York*, 519 U.S. 357, 376 (1997). The City has a public interest in training food service providers in food safety and basic standards for food preparation, handling, storage and use. Houston has a public interest in ensuring its citizens that food is safe for consumption. *See* TEX. HEALTH AND SAFETY CODE §§431.001, *et seq*.; 438.001, *et seq*. The City has a public interest in regulating activities on public or private property. Courts have held that laws regulating the use of city streets and other facilities to assure the safety and convenience of people in their use do not violate the First Amendment. *See Haye v. State,* 634 S.W.2d 313, 315 (Tex. Crim. App. 1982). The Ordinance is reasonably related to the City's legitimate interest in protecting the health and safety of all its citizens in public and private places.

13.   The City is well within its authority to regulate the use of property to prevent the spread of disease and manage the delivery of food to groups in public

places owned, managed or controlled by the City. The Ordinance strives to create safe environments, reduce health hazards and facilitate the provision of food services to individuals. The Ordinance easily meets the standards set forth in *O'Brien*, 391 U.S. at 380 (government regulation is justified if it is within the constitutional power of government, supports a substantial government interest, is unrelated to the suppression of free expression, and incidental restriction is no greater than necessary).

14.     In *Singleton v. Darby*, the Fifth Circuit addressed protected speech claims in the roadway context and found the officers' actions were both objectively reasonable and constitutionally sound. 609 F. App'x 190, 195 (5th Cir. 2015). The Court held that a person does not engage in protected speech when he was obstructing a roadway or passageway, explaining "[t]he First Amendment does not entitle a citizen to obstruct traffic or create hazards for others." *Id.* at 193 (citing *Cox v. Louisiana*, 379 U.S. 536, 553-58 (1965)). "A State may therefore enforce its traffic obstruction laws without violating the First Amendment…" even if the suspect is protesting. *Id.* at 193 (citing *Cox*, 379 U.S. at 553-58).

15.     "A facial challenge is an attack on a statute itself as opposed to a particular application." *City of Los Angeles v. Patel*, 576 U.S. 409, 415 (2015). In order to successfully mount a facial challenge to the Ordinance as a whole, Plaintiffs must establish that no set of circumstances exists under which that statute would be

valid. *United States v. Salerno*, 481 U.S. 739, 745 (1987). Under a proper facial-challenge analysis, courts may "consider the statute only as it is written, rather than how it [may operate] in practice." *Peraza v. State*, 467 S.W.3d 508, 514-15 (Tex. Crim. App. 2015), cert. denied, 577 U.S. 1153 (2016) (quotation omitted). Plaintiffs have not made this difficult showing.

16.     Plaintiffs' facial challenge must fail because the time, place and manner regulations set forth in the Ordinance contain "narrowly-drawn, reasonable and definite standards" to guide the health official's decision and render the implementation of the Ordinance subject to effective judicial review. *Forsyth County v. Nationalist Movement,* 505 U.S. 123, 131 (1992), quoting *Niemotko v. State of Md*., 340 U.S. 268, 271 (1951). Under the Ordinance, when one holds an outdoor food service event in which charitable food services are provided to five or more people at a time, a person or organization must do just one thing: obtain the consent of the property owner. Although Subsection 20-252 of the Ordinance requires "advance written consent" of the property owner, the Ordinance also states that "an individual or organization providing charitable food services *with the consent* of the property owner but without participating in the program established by this article *shall not be deemed in violation of this article*." The Ordinance echoes and is consistent with Texas property law, is content-neutral, and does not on its face violate any constitutional right. The City has the right to regulate the

provision of food for the public's health and safety. *See, e.g.*, *Cox*, 379 U.S. at 554. The time, place and manner regulations set forth in the charitable feeding ordinance and the supporting regulations contain "narrowly-drawn, reasonable and definite standards" to guide the health official's decision and render the implementation of the ordinance subject to effective judicial review. *Forsyth County*, 505 U.S. at 131.

> **2.    Plaintiffs' facial challenges under 42 U.S.C. §1983 and the First Amendment to the United States Constitution are time-barred**

17.    Plaintiffs fail to make a timely claim challenging Houston's charitable feeding ordinance on its face under 42 U.S.C. §1983 and the First Amendment to the U.S. Constitution. Sections 20-251, *et seq*. were enacted in 2012 and modified in 2015. Plaintiffs' facial challenge to Sections 20-252 and 20-257 is barred by the applicable statutes of limitations.

18.    Because there is no specified federal statute of limitations for Section 1983 claims, federal courts utilize the forum state's general personal injury limitations period. *See Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989); *King-White v. Humble Indep. Sch. Dist*., 803 F.3d 754, 760 (5th Cir. 2015). In Texas, the applicable general personal injury period of limitations is two years. TEX. CIV. PRAC. & REM. CODE §16.003(a); *Moore v. Donald*, 30 F.3d 616, 620 (5th Cir. 1994).

19.    "Although Texas law governs the limitations period and the tolling exceptions, federal law governs when a cause of action arises." *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992) (citing *Burrell*, 883 F.2d at 418). "Under federal

law, a claim accrues and 'the [limitations] period begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'" *Spotts v. United States*, 613 F.3d 559, 574 (5th Cir. 2010) (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 576) (5th Cir. 2001). Injury is a prerequisite to Plaintiffs' challenge to this ordinance under Section 1983 and the cause of action on a claim accrues when the injured party knows or has reason to know of the injury which forms the basis for the action. *See, e.g., Longoria v. City of Bay City, Texas*, 779 F.2d 1136, 1138 (5th Cir. 1986) (citation omitted); *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993).

20.    The law is well-settled that granting a motion to dismiss is appropriate where "it is clear from the face of a complaint … that the claims asserted are barred by the applicable statute of limitations." *Moore*, 30 F.3d at 620 (district court may dismiss a complaint *sua sponte* where the claims are barred by limitations); *see also Frame v. City of Arlington*, 657 F.3d 215, 240 (5th Cir. 2011) (statute of limitations defense is properly addressed at the 12(b)(6) stage where the "allegations affirmatively demonstrate that the plaintiff's claims are barred by the statute of limitations …").

21.    Plaintiff Food Not Bombs Houston, also known as "Houston Food Not Bombs," sued the City of Houston on May 6, 2019, seeking to invalidate Houston's Charitable Feeding Ordinance Chapter 20, Section 20-251, *et seq.* on constitutional

grounds, in C.A. No. 4:19-cv-1661, *Houston Food Not Bombs, Shere Dore, Phillip Picone, and Aline Adams v. City of Houston, Texas*; in the United States District Court for the Southern District of Texas, Houston Division.  Judge Vanessa Gilmore granted the City's motion to dismiss based on lack of standing and dismissed Plaintiffs' case on February 10, 2020. *See* Civil Action No. 4:19-cv-01661, *Houston Food Not Bombs, Shere Dore, Phillip Picone and Aliene Adams v. City of Houston, Texas*; in the United States District Court for the Southern District of Texas, Houston Division, Dkt. 23.  FNBH had sufficient information to know of any injury under the Ordinance on its effective date of July 1, 2022, and no later than May 6, 2019, the day it filed Plaintiffs' Original Complaint and challenged Houston's Charitable Feeding Ordinance in federal court over four years ago. *See* Case No. 4:19-cv-01661, Dkt. 1. At the very latest, Houston Food Not Bombs knew of the injury that forms the basis of its present action no later than May 6, 2019. *Id*.

22.    The two-year limitations period in TEX. CIV. PRAC. & REM. CODE §16.003 applies to Plaintiffs' Plaintiffs' freedom of speech, freedom of association, freedom of religion, freedom of assembly, and equal protection claims under the First Amendment to the U.S. Constitution claims under Section 1983. *Piotrowski v. City of Houston*, 51 F.3d 512, 514 n.5 (5th Cir. 1995); *Piotrowski v. City of Houston*, 237 F.3d at 576.  The two-year limitation period following the enactment of the ordinance expired on July 1, 2014 and the two-year limitation period following the

date such ordinance was amended expired on August 26, 2017. The two-year period following Houston Food Not Bombs' May 6, 2019 complaint challenging the ordinance on constitutional grounds expired on May 6, 2021.

23.    The residual four-year statute of limitations period following the original ordinance expired on July 1, 2014 and on August 26, 2019 for the amended charitable feeding ordinance. TEX. CIV. PRAC. & REM. CODE §16.051. In addition, the Texas Local Government Code provides that municipal acts or proceedings are conclusively presumed valid if not challenged within three years. *See* TEX. LOC. GOV'T CODE §51.003(a).  Plaintiff FNBH has been sharing food since the Ordinance was enacted yet did not sue the City asserting the current claims until January 30, 2024 (Dkt. 1), at which point the Ordinance is conclusively presumed valid. The statute of limitations ... begins to run when the plaintiff is aware of the "critical facts that he has been hurt and who has inflicted the injury." *Lavellee v. Listi*, 611 F.2d 1129, 1131 (5th Cir.1980). Houston's charitable feeding ordinance is conclusively presumed valid under Texas Local Gov't Code 51.003, and enforcing the ordinance is not an unreasonable and arbitrary abuse of municipal discretion. *See* TEX. LOC. GOV'T CODE §51.003(a) (municipal acts or proceedings are conclusively presumed valid if not challenged within three years). Plaintiffs' facial claims against Houston challenging the Ordinance are time-barred and should be dismissed pursuant to Rule 12(b)(6).

### 3. Plaintiff Walsh's claims for alleged civil rights violations fail for lack of standing and are barred by *Heck v. Humphrey*

24.     A plaintiff must have standing at the time that the complaint is filed to maintain a suit.   *See Soc'y of Separationists, Inc. v. Herman,* 959 F.2d 1283, 1288 (5th Cir.1992) (requiring a plaintiff to demonstrate that she has standing to sue at the time her  complaint  is filed).  The  complained-of  injury  must  be  real  and immediate rather than conjectural, must be traceable to the Defendant's alleged unlawful conduct, and relief from the injury must be likely to follow from a favorable ruling.  *Id*. Plaintiff Walsh's complaint does not, on its face show that he has been prosecuted under this ordinance or is in immediate danger of such a prosecution. (Dkt. 1, ¶10). In the Fifth Circuit, the case law is clear:  a "plaintiff who has not been prosecuted under a criminal statute does not normally have standing to challenge the statute's constitutionality." *Johnson v. City of Dallas, Tex*., 61 F.3d 442, 444 (5th Cir. 1995).

25.     The face of Plaintiff Walsh's complaint clearly shows that he does not have standing to challenge the ordinance's constitutionality as applied to him, because he has not been subject to any adverse action or enforcement the Ordinance. (Dkt. 1 at ¶10). Plaintiff Walsh alleges has engaged in protected expression of social media posts about FNBH's activities without any interference or adverse action from Houston. *Id*. Therefore, the City asks that this court dismiss all of Plaintiff Walsh's as-applied constitutional claims for lack of standing.

26.   Plaintiff Walsh's alleged civil rights violations under 42 U.S.C. §1983 are also barred by *Heck v. Humphrey* to the extent they challenge criminal charges that have not been terminated in Plaintiff's favor. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Civil tort actions such as Section 1983 claims for damages "are not appropriate vehicles for challenging the validity of outstanding criminal judgments" and are even less appropriate vehicles when no enforcement has taken place with respect to the individual bringing the challenge. *See id*.

27.   It is also well-settled under Texas law that civil courts do not have jurisdiction over action seeking to stay the enforcement of a municipal ordinance except where the law attempted to be enforced is unconstitutional and void and its enforcement will result in irreparable injury to vested property rights. *See Malone v. City of Houston*, 278 S.W.2d 204, 206 (Tex. Civ. App.—Galveston 1955, writ ref'd n.r.e.); *Stecher v. City of Houston*, 272 S.W.2d 925, 928 (Tex. Civ. App.—Galveston 1954, writ ref'd n.r.e.) (emphasis added) (affirming trial order dismissing for want of jurisdiction action against City of Houston, its Police Chief and City Attorney, and the Texas Attorney General seeking injunction against enforcement of City penal traffic ordinance). The charitable feeding ordinance is ***not*** unconstitutional or void, and (2) its enforcement will ***not*** result in irreparable injury to any vested property rights. *See City of Houston v. Guthrie*, 332 S.W.3d 578, 596-97 (Tex. App.—Houston [1st Dist.] 2009, pet. denied); *see also State v. Morales*, 869 S.W.2d

941, 942 (Tex. 1994); *City of Richardson v. Kaplan*, 438 S.W.2d 366, 366 Tex. 1969) (per curiam) (holding that trial court had no jurisdiction to enjoin City of Richardson and its attorneys, agents, servants, and employees from enforcing penal ordinance and filing criminal charges for violation without evidence of irreparable injury to vested property rights); *State v. Logue*, 376 S.W.2d 567, 569 (Tex. 1964); *Consumer Serv. Alliance of Tex., Inc. v. City of Dallas*, 433 S.W.3d 796, 803-04 (Tex. App.—Dallas 2014, no pet.); *Ryan v. Rosenthal*, 314 S.W.3d 136, 142-43 (Tex. App.—Houston [14th Dist.] 2010, pet. denied). Houston respectfully requests that Plaintiffs' facial First Amendment challenge to the Ordinance be dismissed.

## C.   MOTION FOR MORE DEFINITE STATEMENT ON PLAINTIFFS' AS APPLIED CONSTITUTIONAL CLAIMS

28.   A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.  FED. R. CIV. P. 12(e). Plaintiffs' complaint is vague and ambiguous in the following critical ways: (1) Plaintiffs fail to identify the stakeholders of their unincorporated association affiliated with the grassroots international Food Not Bombs movement; (2) Plaintiffs fail to provide the manner in which a content-neutral ordinance consistent with Texas property rights causes constitutional violations; (3) Plaintiffs fail to specify any specific locations where

constitutional violations may occur other than the Central Library; and (4) Plaintiffs fail to show Houston's intent to deprive these Plaintiffs of their constitutional rights.

29.    With respect to their as-applied constitutional claims, Plaintiffs should be required to replead to identify those individuals whose constitutional rights have allegedly been violated, the manner in which a content-neutral ordinance consistent with Texas property rights causes constitutional violations; the specific locations where constitutional violations may occur other than the Central Library; and the conduct that shows Houston intended to deprive Plaintiffs of their constitutional rights.  Houston therefore moves for a more definite statement of Plaintiffs' as-applied constitutional claims pursuant to Rule 12(e) of the Federal Rules of Civil Procedure.

## V.    CONCLUSION

For the reasons stated above, Defendant Houston respectfully requests that Plaintiffs' facial constitutional claims and causes of action be dismissed pursuant to Rule 12(b)(6) and that Plaintiffs make a more definite statement of their as applied constitutional claims pursuant to Rule 12(e).

Respectfully submitted,

**ARTURO G. MICHEL**
City Attorney
**SUZANNE R. CHAUVIN**
Chief, General Litigation Section

By:     */s/ M. Lucille Anderson*
        M. Lucille Anderson
        Sr. Assistant City Attorney III
        Federal ID No. 19377
        Texas Bar No. 00793260
        City of Houston Legal Department
        P.O. Box 368
        Houston, Texas 77001-0368
        832.393.6485
        832.393.6259 Fax

**ATTORNEYS FOR DEFENDANT**
**CITY OF HOUSTON**

## CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2024, I served the following attorneys with a true and correct copy of the foregoing document in accordance with Rule 5(b)(3) of the Federal Rules of Civil Procedure via the court's electronic filing / service system (and/or mail to the plaintiff).

*/s/ M. Lucille Anderson*
M. Lucille Anderson
Senior Assistant City Attorney