# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |  |
|---|---|---|
| Food Not Bombs Houston et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 4:24-cv-338 |
| v. | ) | |
| | ) | |
| City of Houston, Texas, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S PARTIAL MOTION TO DISMISS AND MOTION FOR MORE DEFINITE STATEMENT (DKT. 18)

## TABLE OF CONTENTS

TABLE OF CONTENTS ...................................................................................................... ii

TABLE OF AUTHORITIES ............................................................................................... iii

I. INTRODUCTION ...................................................................................................... 1

II. STATEMENT OF THE ISSUES AND STANDARD OF REVIEW ................................... 2

III. SUMMARY OF THE ARGUMENT .............................................................................. 2

IV. ARGUMENT ............................................................................................................. 3

   A.   Plaintiffs' Facial Challenge to the Anti-Food Sharing Ordinance Is Timely. ................... 3

      1.   Plaintiffs' Facial Challenge Is Timely Because Laws that Facially Infringe First Amendment Freedoms Inflict Continuing Harms. ................................................. 4

      2.   Even if a Two-Year Limitations Period Applies, Plaintiffs' Claims Accrued No Earlier than February 2023. ........................................................................................ 5

      3.   An Unconstitutional Ordinance Is Not Presumed Valid. ....................................... 6

   B.   Plaintiff Brandon Walsh Sufficiently Alleged Standing and *Heck* Does Not Bar His Claims. .......................................................................................................................... 6

      1.   Walsh Sufficiently Alleged Article III Standing. ................................................. 7

      2.   *Heck* Does Not Bar Walsh's Claims. ................................................................. 8

   C.   Plaintiffs Have Stated a Facial First Amendment Claim Against the City. ...................... 9

      1.   Plaintiffs Plausibly Alleged the Anti-Food Sharing Ordinance Is a Facially Invalid Prior Restraint. ................................................................................................... 9

      2.   Plaintiffs Plausibly Alleged the Anti-Food Sharing Ordinance is a Facially Invalid Time, Place, and Manner Restriction. ................................................................. 12

   D.   Plaintiffs' As-Applied First Amendment Claims Are Sufficiently Detailed for the City to Prepare a Response. ..................................................................................................... 15

      1.   Plaintiffs Specifically Pled Their As-Applied Constitutional Claims. ................... 16

      2.   The City Complains of Matters that Can Be Clarified Through Discovery ............. 17

      3.   The City Wrongly Attempts to Add an Intent Requirement to Plaintiffs' First Amendment Claims. ......................................................................................... 17

V. CONCLUSION ........................................................................................................ 18

CERTIFICATE OF SERVICE ............................................................................................ 19

## <u>TABLE OF AUTHORITIES</u>

**CASES**

*Beckerman v. City of Tupelo, Miss.*, 664 F.2d 502 (5th Cir. 1981) .............................................. 10

*Book People, Inc. v. Wong*, 91 F.4th 318 (5th Cir. 2024) ............................................................. 8

*City of Lakewood v. Plain Dealer Publ'g Co.*, 486 U.S. 750 (1988) ........................................... 10

*Cornelio v. Connecticut*, 32 F.4th 160 (2d Cir. 2022) ............................................................. 9, 12

*Corsicana Indus. Found., Inc. v. City of Corsicana*, No. 10-17-00316-CV, 2024 WL 118969 (Tex. App.—Waco Jan. 11, 2024, no pet. h.) .......................................................................... 6

*Cox v. State of La.*, 379 U.S. 536 (1965) .................................................................................... 14

*Doe v. City of Albuquerque*, 667 F.3d 1111 (10th Cir. 2012) ........................................................ 9

*Flynt v. Shimazu*, 940 F.3d 457 (9th Cir. 2019) ............................................................................ 4

*Foothill Blvd., Inc. v. City of Pasadena*, 912 F. Supp. 1268 (C.D. Cal. 1996) ............................. 5

*Forsyth Cnty., Ga. v. Nationalist Movement*, 505 U.S. 123 (1992) ............................. 5, 10, 11, 13

*Frye v. City of Kannapolis*, 109 F. Supp. 2d 436 (M.D.N.C. 1999) .............................................. 4

*Gresham v. Peterson*, 225 F.3d 899 (7th Cir. 2000) ................................................................... 14

*Heath v. Bd. of Supervisors for S. Univ. & Agric. & Mech. Coll.*, 850 F.3d 731 (5th Cir. 2017) *as revised* (Mar. 13, 2017) ........................................................................................................... 4

*Heck v. Humphrey*, 512 U.S. 477 (1994) .................................................................................. 6, 8

*Holder v. Humanitarian Law Project*, 561 U.S. 1 (2010) ............................................................ 7

*In re Lester*, 602 S.W.3d 469 (Tex. 2020) .................................................................................... 6

*Johnson v. City of Dallas, Tex.*, 61 F.3d 442 (5th Cir. 1995) ....................................................... 8

*Lormand v. US Unwired, Inc.*, 565 F.3d 228 (5th Cir. 2009) ........................................................ 9

*Lujan v. Defs. of Wildlife*, 504 U.S. 555 (1992) ........................................................................... 7

*Maldonado v. Harris*, 370 F.3d 945 (9th Cir. 2004) ..................................................................... 4

*MC Trilogy Tex., LLC v. City of Heath, Tex.*, 662 F. Supp. 3d 690 (N.D. Tex. 2023) .................. 6

*McClain v. United Airlines*, No. CV H-24-0050, 2024 WL 420907 (S.D. Tex. Feb. 5, 2024) .... 15

*McCullen v. Coakley*, 573 U.S. 464 (2014) ........................................................................ 12, 17

*Minneapolis Star & Tribune Co. v. Minnesota Com'r of Revenue*, 460 U.S. 575 (1983) ........... 18

*Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126 (5th Cir. 1959) ................................... 17

*Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978) .................................... 6

*Napa Valley Publ'g Co. v. City of Calistoga*, 225 F. Supp. 2d 1176 (N.D. Cal. 2002) .................. 4

*Nat'l Adver. Co. v. City of Raleigh*, 947 F.2d 1158 (4th Cir. 1991) ................................ 4

*Piotrowski v. City of Houston*, 237 F.3d 567 (5th Cir. 2001) ...................................... 4

*Pro-Life Cougars v. Univ. of Houston*, 259 F. Supp. 2d 575 (S.D. Tex. 2003) ........................... 10

*Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757 (5th Cir. 2011) .............................. 9, 13

*Sable Commc'ns of California, Inc. v. F.C.C.*, 492 U.S. 115 (1989) .............................. 6

*Sarre v. City of New Orleans*, 420 F. App'x 371 (5th Cir. 2011) .................................. 14

*Seals v. McBee*, 898 F.3d 587 (5th Cir. 2018) ....................................................... 7

*Shuttlesworth v. City of Birmingham, Ala.*, 394 U.S. 147 (1969) .................................. 10

*Singleton v. Darby*, 609 F. App'x 190 (5th Cir. 2015) ................................................. 13

*Speech First, Inc. v. Fenves*, 979 F.3d 319 (5th Cir. 2020), *as revised* (Oct. 30, 2020) ............. 7, 8

*Susan B. Anthony List v. Driehaus*, 573 U.S. 149 (2014) ......................................... 7

*Tempur-Pedic Intern. Inc. v. Angel Beds LLC*, 902 F. Supp. 2d 958 (S.D. Tex. 2012) .............. 17

*Thomas v. Chicago Park District*, 534 U.S. 316 (2002) ............................................ 13

*Turtle Island Foods, S.P.C. v. Strain*, 65 F.4th 211, 215 (5th Cir. 2023) .................................. 7, 8

*Wallace v. Kato*, 549 U.S. 384 (2007) ............................................................. 4, 8

## OTHER AUTHORITIES

BLACK'S LAW DICTIONARY (6th ed. 1990) ............................................................ 10

## RULES

FED. R. CIV. P. 12 ............................................................................... 1, 2, 15

Plaintiffs Food Not Bombs Houston ("FNBH") and Brandon Walsh (collectively, "Plaintiffs") respectfully submit this Response in Opposition to Defendant City of Houston's ("the City") Partial Motion to Dismiss and Motion for More Definite Statement, Dkt. 18.

## I.   <u>INTRODUCTION</u>

Plaintiffs filed their Complaint for declaratory and injunctive relief against the City on January 30, 2024. Dkt. 1. Plaintiff FNBH's members have been cited more than 89 times for the crime of providing meals to more than five people in need outside the Houston Central Public Library in violation of Houston City Code § 20-252. *Id.* ¶ 9. Sections 20-252 and 20-257 of the Houston City Code (together, "the Anti-Food Sharing Ordinance" or "the Ordinance") prohibit charitable food sharing on all public property without advanced written consent from the City and subject food sharing events to regulations promulgated by the Houston Health Department. Plaintiffs allege that the Ordinance violates the First Amendment in three respects: 1) as an improper prior restraint (facial and as-applied), *Id.* ¶¶ 80–84; 2) as an unconstitutional time, place, and manner restriction (facial and as-applied), *Id.* ¶¶ 68–79; and 3) as an unconstitutional burden on their right to expressive association (as-applied). *Id.* ¶¶ 85–92.

Plaintiffs moved for a temporary restraining order and preliminary injunction on their as-applied claims. Dkt. 4. After hearing testimony from witnesses and arguments from counsel, this Court granted Plaintiffs' motion for preliminary injunction on February 14, 2024. Dkt. 15. This Court concluded that Plaintiffs are substantially likely to succeed on their as-applied prior restraint and time, place, and manner claims and would be irreparably harmed absent an injunction. *Id.* at 10, 12, 13. Without notifying Plaintiffs' counsel of the issues asserted in its Motion,[1] the City filed

---

[1] Under this Court's Procedure 7(P), "[n]o motion to dismiss for failure to state a claim or counterclaim under FED. R. CIV. P. 12(b)(6). . . will be considered or decided unless the moving party includes a certification that, before filing the motion, the movant notified the opposing party of the issues asserted in the motion and the parties tried but could not agree that the pleading deficiency could be cured in any part by a permissible amendment offered by the pleading

the present Rule 12(b)(6) Partial Motion to Dismiss and Rule 12(e) Motion for More Definite Statement on February 22, 2024. Dkt. 18 ("the City's Motion").

## II.   STATEMENT OF THE ISSUES AND STANDARD OF REVIEW

A.   Whether Plaintiffs' facial First Amendment claims are timely. FED. R. CIV. P. 12(b)(6).

B.   Whether, accepting the allegations in their Complaint as true, Plaintiffs plausibly alleged that Plaintiff Walsh has Article III standing, FED. R. CIV. P. 12(b)(1), and whether his claims may proceed in federal court, FED. R. CIV. P. 12(b)(6).

C.   Whether, accepting the allegations in their Complaint true, Plaintiffs plausibly alleged that the City's Anti-Food Sharing Ordinance is facially invalid as an improper prior restraint and unconstitutional time, place, manner restriction. FED. R. CIV. P. 12(b)(6).

D.   Whether Plaintiffs' as-applied First Amendment claims are sufficiently detailed so that the City can reasonably prepare a response. FED. R. CIV. P. 12(e).

## III.   SUMMARY OF THE ARGUMENT

This Court should deny the City's Motion. **First**, Plaintiffs' facial claims are timely. A facially unconstitutional restriction on protected activity inflicts continuing harm for which a claim does not fully accrue until the harm subsists. But even if it had accrued, Plaintiffs' claims are timely because they would have accrued no earlier than February 2023 when the City announced it would begin enforcing the Anti-Food Sharing Ordinance under newly promulgated restrictions. Further, the Anti-Food Sharing Ordinance receives no presumption of validity in this § 1983 action alleging deprivations of First Amendment rights.

**Second**, Walsh has Article III standing and his claims can proceed in federal court. Walsh credibly fears criminal enforcement against him for engaging in protected activity and an order from this Court would prevent that impending violation of First Amendment freedoms. Further, *Heck v. Humphrey* is no barrier to this Court to issuing relief. Walsh has not been cited, prosecuted,

---

party." Judge Andrew S. Hanen Civil Procedures, 7(P), available at https://www.txs.uscourts.gov/sites/txs/files/Civil%20Procedures%20%287-2020%29.pdf.

or convicted. As such, there is no outstanding criminal judgment, or even criminal process, with which this Court's ruling would interfere.

**Third**, Plaintiffs have stated a claim that the Ordinance facially violates the First Amendment. The Anti-Food Sharing Ordinance is a facially invalid prior restraint because it vests unbridled discretion in City officials to deny the use of public forums in advance of protected expression. It is also a facially invalid time, place, and manner restriction because the Ordinance's permission scheme is not narrowly tailored to the City's purported interests and fails to leave open adequate alternatives for protected expression.

**Fourth**, Plaintiffs' as-applied claims are sufficiently detailed for the City to prepare a response. As this Court has already held in the preliminary injunction context, the Anti-Food Sharing Ordinance likely violates Plaintiffs' First Amendment rights as applied to them. Dkt. 15 at 5–12. Further, Plaintiffs are not required to show the City specifically intended to violate their constitutional rights, and the remaining matters that the City complains of can be clarified during discovery and do not impede its ability to prepare a responsive pleading.

## IV.   ARGUMENT

### A.  Plaintiffs' Facial Challenge to the Anti-Food Sharing Ordinance Is Timely.

Plaintiffs' facial challenge to the Anti-Food Sharing Ordinance is timely and the Ordinance receives no presumption of validity. First, an ordinance that facially violates the First Amendment inflicts a continuing harm and therefore Plaintiffs' claims continue to accrue so long as the facially unconstitutional law remains in effect. Second, even assuming Plaintiffs' facial claims must accrue within the previous two years, Plaintiffs' facial challenge to the Ordinance and consequent enforcement is timely. Finally, the Anti-Food Sharing Ordinance receives no presumption of validity simply because it has been on the books for three years.

1. *Plaintiffs' Facial Challenge Is Timely Because Laws that Facially Infringe First Amendment Freedoms Inflict Continuing Harms.*

Plaintiffs' claims challenging a facially unconstitutional ordinance are timely. The statute of limitations in § 1983 cases is derived from the "law of the State in which the cause of action arose" as provided by the statute of limitations for "personal-injury torts." *Wallace v. Kato*, 549 U.S. 384, 387 (2007). However, when a claim accrues, meaning when the limitations period begins to run, is governed by federal common law. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). "The continuing violation doctrine is a federal common law doctrine governing accrual." *Heath v. Bd. of Supervisors for S. Univ. & Agric. & Mech. Coll.*, 850 F.3d 731, 740 (5th Cir. 2017) (citation omitted), *as revised* (Mar. 13, 2017). "The statute of limitations does not apply to the facial challenge of a statute that infringes First Amendment freedoms as such a statute inflicts a continuing harm." *Napa Valley Publ'g Co. v. City of Calistoga*, 225 F. Supp. 2d 1176, 1184 (N.D. Cal. 2002) (collecting cases); *Frye v. City of Kannapolis*, 109 F. Supp. 2d 436, 439 (M.D.N.C. 1999) ("[A] facially invalid statute inflicts a continuing injury by chilling protected speech in an on-going fashion.") (collecting cases). The only circuits to have considered the issue have similarly recognized that the statute of limitations likely does not bar facial First Amendment challenges. *See Maldonado v. Harris*, 370 F.3d 945, 955 (9th Cir. 2004) (citing *Nat'l Adver. Co. v. City of Raleigh*, 947 F.2d 1158, 1168 (4th Cir. 1991)).

The City is wrong to suggest Plaintiffs claims accrued only twice—upon enactment of the Ordinance in 2012 and amendment in 2015. *Cf.* Dkt. 18 ¶ 22. Rather, "a new claim arises (and a new limitations period commences) with each new injury." *Flynt v. Shimazu*, 940 F.3d 457, 462 (9th Cir. 2019) (collecting cases). Plaintiffs clearly allege the Anti-Food Sharing Ordinance is facially unconstitutional and inflicts an injury each time they host a food sharing event. Dkt. 1 ¶¶ 68–84. So long as the Ordinance remains in effect, Plaintiffs are faced with the untenable choice

of either giving up their protected expression or being punished for it. *Id.* ¶ 51; *see also 3570 E. Foothill Blvd., Inc. v. City of Pasadena*, 912 F. Supp. 1268, 1278 (C.D. Cal. 1996) ("Either a person is punished for speaking, or refrains from speaking for fear of punishment. This harm continues until the statute is either repealed or invalidated."). As such, their facial claims are timely because they challenge a continuing violation of their First Amendment rights.

2. *Even if a Two-Year Limitations Period Applies, Plaintiffs' Claims Accrued No Earlier than February 2023.*

In February of 2023, the City instituted a new set of regulations implementing the Anti-Food Sharing Ordinance. Dkt. 1 ¶¶ 35, 38, 41. Under these new regulations, the only location approved for food sharing is 61 Riesner Street. *Id.* ¶¶ 41, 44. The City posted notices that it would begin enforcing the Anti-Food Sharing Ordinance against all charitable feeding on City property outside of 61 Riesner Street after February 24, 2023. *Id.* ¶ 41. As a result of these new regulations, the City began citing FNBH members under the Ordinance on March 1, 2023 for sharing food next to the Central Library. *Id.* 1 ¶ 5. The City's new interpretation and implementation of the Anti-Food Sharing Ordinance restarted whatever limitations period might apply to Plaintiffs' facial claims because courts "must consider the [government]'s authoritative constructions of the ordinance, including its own implementation and interpretation of it." *Forsyth Cnty., Ga. v. Nationalist Movement*, 505 U.S. 123, 131 (1992) (collecting cases). Plaintiffs' claims, then, are timely even under the City's misguided view of the limitations period, *see supra* § IV.A.1, because the two-year limitations period would have started no earlier than February 2023 when the City announced it would begin enforcing the Anti-Food Sharing Ordinance under its newly promulgated restrictions.

3. *An Unconstitutional Ordinance Is Not Presumed Valid.*

The City argues that the Ordinance is conclusively presumed valid because it was not challenged within three years of its passage. Dkt. 18 ¶ 23. But "[d]eference to a legislative finding cannot limit judicial inquiry when First Amendment rights are at stake." *Sable Commc'ns of California, Inc. v. F.C.C.*, 492 U.S. 115, 129 (1989) (quotation omitted). And § 1983 abrogates whatever state law immunity or presumptions might apply when a plaintiff challenges a municipality's policy that deprives them of their federal constitutional rights. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). Therefore, the ordinance should receive no presumption of validity in this First Amendment challenge brought under § 1983.

Even as a matter of state law, though, the City's argument is wrong. "The rule generally is that unconstitutional laws are void ab initio. . . Therefore, there is no applicable presumption of validity pursuant to Section 51.003(a)." *Corsicana Indus. Found., Inc. v. City of Corsicana*, No. 10-17-00316-CV, 2024 WL 118969, at *11 (Tex. App.—Waco Jan. 11, 2024, no pet. h.) (citations omitted); *see also In re Lester*, 602 S.W.3d 469, 475 (Tex. 2020) ("[A]n unconstitutional statute is legally void from its inception."); *MC Trilogy Tex., LLC v. City of Heath, Tex.*, 662 F. Supp. 3d 690, 700 (N.D. Tex. 2023) ("Section 51.003(a) likewise is not dispositive because it is explicitly inapplicable to void municipal actions.").

The Anti-Food Sharing Ordinance should receive no special presumption of validity and the full weight of First Amendment scrutiny applies.

**B. Plaintiff Brandon Walsh Sufficiently Alleged Standing and *Heck* Does Not Bar His Claims.**

Walsh plausibly alleged he has standing to bring his First Amendment claims and *Heck v. Humphrey*, 512 U.S. 477 (1994), does not bar relief.

1.  *Walsh Sufficiently Alleged Article III Standing.*

Although Walsh has not been cited under the Ordinance, Dkt. 1 ¶¶ 10, 55, "[i]t is not hard to sustain standing for a pre-enforcement challenge in the highly sensitive area of public regulations governing bedrock political speech." *Speech First, Inc. v. Fenves*, 979 F.3d 319, 331 (5th Cir. 2020), *as revised* (Oct. 30, 2020). "To establish standing, [a plaintiff] must demonstrate (1) an 'injury in fact' that is 'concrete and particularized' and 'actual or imminent'; (2) is fairly traceable to the defendant's actions; and (3) is likely to be redressed by a favorable decision." *Turtle Island Foods, S.P.C. v. Strain*, 65 F.4th 211, 215 (5th Cir. 2023) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). Walsh satisfies each element—he faces a credible threat that the City's enforcement of the Anti-Food Sharing Ordinance will criminalize his protected expression, and a court order would prevent the City from doing so in the future. Dkt. 1 ¶¶ 23, 51, 55.

The City seemingly only challenges Walsh's injury, arguing he lacks standing because he has "not been subject to any adverse action or enforcement." Dkt. 18 ¶ 24. But the Supreme Court and Fifth Circuit have been clear that "[p]laintiffs 'should not be required to await and undergo a criminal prosecution as the sole means of seeking relief.'" *Seals v. McBee*, 898 F.3d 587, 591 (5th Cir. 2018), *as revised* (Aug. 9, 2018) (quoting *Holder v. Humanitarian Law Project*, 561 U.S. 1, 15 (2010)). Instead, to bring a First Amendment challenge, Walsh must only show "(1) [he] intends to engage in a course of conduct arguably affected with a constitutional interest; (2) that the course of action is arguably proscribed by the statute; and (3) that there exists a credible threat of prosecution under the statute." *Turtle Island Foods, S.P.C.*, 65 F.4th at 215–16 (citing *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 159 (2014)).

Walsh clearly satisfies the first two prongs because he intends to engage in protected First Amendment activity that is arguably prohibited by the Ordinance. Dkt. 1 ¶¶ 23, 51, 55. As to threat

of prosecution, courts "will assume a credible threat of prosecution in the absence of compelling contrary evidence." *Id.* at 218 (quoting *Speech First, Inc.*, 979 F.3d at 335). The City's Motion presents no "compelling contrary evidence," so the Court may assume Walsh faces a credible threat of prosecution. The threat here is even clearer than in *Turtle Island Foods* because the City has cited many of Walsh's fellow FNBH members under the same Ordinance he is challenging. Dkt. 1 ¶ 55.

Finally, the City's reliance on *Johnson v. City of Dallas, Tex.*, 61 F.3d 442, 444 (5th Cir. 1995) is entirely misplaced. Dkt. 18 ¶ 24. In *Johnson*, the Fifth Circuit held that a plaintiff bringing an Eighth Amendment claim must have been prosecuted under it. *Johnson*, 61 F.3d at 444. But *Johnson* relied on the Supreme Court's treatment of the Eighth Amendment, *id.* at 444–45, and does not apply to Walsh's First Amendment claims. *See Book People, Inc. v. Wong*, 91 F.4th 318, 329–31 (5th Cir. 2024) (finding Article III standing in First Amendment pre-enforcement challenge).

### 2. Heck *Does Not Bar Walsh's Claims.*

*Heck v. Humphrey* prohibits federal plaintiffs from bringing a lawsuit that would challenge "the validity of outstanding criminal judgments." 512 U.S. at 486. However, *Heck* has no effect on claims where there is no pending criminal process or conviction. *See Wallace v. Kato*, 549 U.S. 384, 393 (2007). In *Wallace*, the Supreme Court held that *Heck* is "called into play only when there exists . . . an 'outstanding criminal judgment.'" *Id.* Here it is undisputed that Walsh has not been cited, prosecuted, or convicted under the Anti-Food Sharing Ordinance. Dkt. 1 ¶ 55. The City's statement that Walsh's suit is "even less appropriate" under *Heck* since "no enforcement has taken place" is exactly backwards. *Cf.* Dkt. 18 ¶ 26.  It is precisely because there is no criminal conviction or even criminal process for Walsh to challenge that *Heck* does not apply. *Wallace*, 549 U.S. at 393.

### C.  Plaintiffs Have Stated a Facial First Amendment Claim Against the City.

Plaintiffs challenge the Anti-Food Sharing Ordinance as both a facially invalid prior restraint and a facially invalid time, place, and manner restriction. Dkt. 1 ¶¶ 68–79, 80–84. In considering a Rule 12(b)(6) Motion to Dismiss, this Court must accept "all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiffs." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (quotation omitted). "Motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted." *Lormand v. US Unwired*, *Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (quotation omitted). This is especially true with respect to Plaintiffs' First Amendment claims because "[t]he dismissal of a claim challenging a law that abridges protected speech 'will rarely, if ever, be appropriate at the pleading stage. Instead, factual development will likely be indispensable to the assessment of whether [such a law] is constitutionally permissible.'" *Cornelio v. Connecticut*, 32 F.4th 160, 172 (2d Cir. 2022). (citation omitted). In its Motion, the City asks this Court to not only reject Plaintiffs' well-pleaded allegations but to resolve numerous factual disputes in the City's favor at the pleading stage. However, accepting Plaintiffs' well-pleaded allegations as true, Plaintiffs have plausibly alleged that Houston's Anti-Food Sharing Ordinance facially violates the First Amendment.

### 1.  *Plaintiffs Plausibly Alleged the Anti-Food Sharing Ordinance Is a Facially Invalid Prior Restraint.*

Plaintiffs have plausibly alleged that the Ordinance is a facially invalid prior restraint. "[W]here a statute fails the relevant constitutional test (such as strict scrutiny, the *Ward* test, or reasonableness review), it can no longer be constitutionally applied to anyone—and thus there is 'no set of circumstances' in which the statute would be valid. The relevant constitutional test, however, remains the proper inquiry." *Doe v. City of Albuquerque*, 667 F.3d 1111, 1127 (10th Cir. 2012) (collecting cases). For Plaintiffs' prior restraint challenge, the relevant constitutional test is

whether the prior restraint on expression contains standards that are "related to [a] legitimate government interest" and "narrowly drawn to prevent discretionary decision-making." *Beckerman v. City of Tupelo, Miss.*, 664 F.2d 502, 509 (5th Cir. 1981) (citing *Shuttlesworth v. City of Birmingham, Ala.*, 394 U.S. 147, 153 (1969)). This requires "narrow, objective, and definite standards to guide the licensing authority." *Forsyth Cnty.*, 505 U.S. at 131 (quoting *Shuttlesworth*, 394 U.S. at 150–51). Such standards "provide the guideposts that check the licensor and allow courts quickly and easily to determine whether the licensor is discriminating against disfavored speech." *City of Lakewood v. Plain Dealer Publ'g Co.*, 486 U.S. 750, 758 (1988).

The Anti-Food Sharing Ordinance imposes a prior restraint on protected activity. Under § 20-252, it is a crime to sponsor or conduct a charitable food service event on public property "without the advance written consent of the public. . . property owner." City of Houston City Code § 20-252. While the City asserts that "[t]he Ordinance does not require that anyone obtain a permit or pay a fee," Dkt. 18 ¶ 9, it does require obtaining "advanced written consent." City of Houston City Code § 20-252. Judge Werlein defined prior restraint as "any scheme which gives public officials the power to deny use of a forum in advance of its actual expression." *Pro-Life Cougars v. Univ. of Houston*, 259 F. Supp. 2d 575, 583 (S.D. Tex. 2003) (Werlein, J.) (quoting BLACK'S LAW DICTIONARY 1194 (6th ed. 1990)), *appeal dismissed as moot*, 67 F. App'x 251 (5th Cir. 2003). That is precisely the power the Anti-Food Sharing Ordinance gives to City officials. Thus, the City's line-drawing between a "permit" and "permission" is a manufactured distinction without a constitutional difference. The Anti-Food Sharing Ordinances gives the City the power to deny use of a forum in advance of expression, so it is a prior restraint. *See Pro-Life Cougars*, 259 F. Supp. 2d at 583.

As a prior restraint, Plaintiffs plausibly alleged the Ordinance violates the First Amendment. The Ordinance contains no standards to guide the City's decision-making, so the City retains the ultimate authority to authorize or deny the use of a forum for any reason or no reason at all. Dkt. 1 ¶¶ 38, 39, 83. In addition to this fatal flaw in the text of the Ordinance, Plaintiffs allege that the City used this authority to limit all charitable feeding in the City of Houston to a single location without explaining why it was departing from its prior practice of allowing food sharing at numerous locations. *Id.* ¶¶ 39, 41. While the City suggests that this Court can only consider the text of the Ordinance in a facial challenge analysis, Dkt. 18 ¶ 15, the Supreme Court has made clear that "[i]n evaluating respondent's facial challenge, [courts] must consider the [municipality]'s authoritative constructions of the ordinance, including its own implementation and interpretation of it." *Forsyth Cnty.*, 505 U.S. at 131. Just as the Supreme Court looked to the history of the enforcement of the ordinance at issue in *Forsyth County*, this Court can do the same with respect to Houston's Anti-Food Sharing Ordinance. *See id.* at 132.

Likewise, section 20-257 directs the Health Department and Parks Department to establish a list of approved park and other city properties where individuals may share food and to "develop rules, regulations, and criteria for the use of" these properties for food service events. City of Houston City Code § 20-257. As this Court has already recognized, the Ordinance "contains no standards for how these rules will be developed and seems to allow City agencies to change the rules at any time." Dkt. 15 at 8; *see also* Dkt. 1 ¶¶ 7, 34. Nevertheless, the City claims the "regulations set forth in the Ordinance contain 'narrowly-drawn, reasonable and definite standards' to guide the health official's decision and render the implementation of the Ordinance subject to effective judicial review." Dkt. 18 ¶ 16. However, the new regulations are "deemed *necessary* by the City but not *sufficient*" as "there is no guarantee that if a location meets these

requirements, it may become an approved location." Dkt. 15 at 9 (emphasis in original); Dkt. 1 ¶¶ 5, 38. Therefore, the regulations issued in 2023 do nothing to guide or curb the City's unbridled discretion to deny use of a forum in advance of expression.

The Ordinance gives City officials unbridled discretion to deny use of public forums for food sharing activities. Dkt. 1 ¶ 83. The Ordinance is the moving force behind the violation of Plaintiffs' First Amendment rights because the City has used its authority under the Ordinance to cite FNBH members for engaging in protected expression in a traditional public forum. Dkt. 1 ¶¶ 5, 51, 52, 55. Thus, Plaintiffs have adequately pled a facial challenge to the Ordinance as an unconstitutional prior restraint, and the City's Motion with respect to this claim should be denied.

2. *Plaintiffs Plausibly Alleged the Anti-Food Sharing Ordinance is a Facially Invalid Time, Place, and Manner Restriction.*

Plaintiffs have plausibly alleged that the Ordinance is a facially invalid time, place, and manner restriction. The applicable constitutional test for a time, place, and manner restriction is intermediate scrutiny, and the restriction is facially invalid if it does not survive this inquiry. *See McCullen v. Coakley*, 573 U.S. 464, 477 (2014). Under intermediate scrutiny, the City must prove the Ordinance is "narrowly tailored to serve a significant governmental interest, and [] leave[s] open ample alternative channels for communication of the information*." Id*. (quotation omitted). Since the City bears the burden of satisfying intermediate scrutiny, "the norm is to wait until the summary judgment stage of the litigation to address the ultimate question of whether the ordinance should stand." *Cornelio*, 32 F.4th at 172 (collecting cases).

The Ordinance is not narrowly tailored to a significant governmental interest. As explained above, the City retains unbridled discretion to grant or deny consent to use city property for food sharing, and this is the only mandatory step under the Ordinance. *See* § IV.C.1 (Prior Restraint). "A government regulation that allows arbitrary application is 'inherently inconsistent with a valid

time, place, and manner regulation because such discretion has the potential for becoming a means of suppressing a particular point of view.'" *Forsyth Cnty.*, 505 U.S. at 130 (citation omitted). Whatever justifications there may be for the Ordinance, the Ordinance's permission scheme is not narrowly tailored to those interests. Dkt. 1 ¶ 58.

In its Motion, the City claims its Anti-Food Sharing Ordinance is narrowly tailored to a significant interest because it ensures "public health concerns regarding food preparation, handling and storage are addressed" and "promotes the orderly use of private and public spaces and regulates behaviors that pose a public sanitation, health and safety risk." Dkt. 18 ¶¶ 9, 11. **First**, accepting the City's conclusory legal and factual assertions as true at the pleading stage would turn the 12(b)(6) standard on its head. *Cf. Wolcott*, 635 F.3d at 763. **Second**, this Court has already recognized that "[w]hile the City undoubtedly has, and should have, an interest in public health and safety, the requirements of the Ordinance are divorced from this justification." Dkt. 15 at 11. **Third**, the cases the City relies upon do not even supports its conclusory assertions. For instance, the City relies on *Thomas v. Chicago Park District*, 534 U.S. 316 (2002), but the ordinance at issue in that case only allowed the denial of a permit for mass gatherings in a narrow set of circumstances, required the city to respond in a certain amount of time, and required the city to clearly explain the reason for a denial. *Id.* at 324. By contrast, Houston's Anti-Food Sharing Ordinance allows the City to refuse consent for any reason at all and does not even require the City to state the reason for its denial. *See* Houston City Code § 20-252; *see also* Dkt. 1 ¶ 83. The City also relies on *Singleton v. Darby* for the proposition that "[a] State may therefore enforce its traffic obstruction laws without violating the First Amendment." Dkt. 18 ¶ 14 (quoting *Singleton v. Darby*, 609 F. App'x 190, 193 (5th Cir. 2015)). But Houston's Anti-Food Sharing Ordinance is not a traffic obstruction law—it allows the City to ban food sharing on any or all traditional First

Amendment public forums. Dkt. 1 ¶ 74. In a similar vein, the City cites *Cox v. State of Louisiana* for the proposition that "[t]he City has the right to regulate the provision of food for the public's health and safety." Dkt. 18 ¶ 16 (citing *Cox v. State of La.*, 379 U.S. 536, 554 (1965)). That case had nothing to do with the provision of food—it concerned a Louisiana law governing the obstruction of public passages. *Cox*, 379 U.S. at 553. **Fourth** and finally, the City does not even address Plaintiffs' allegations that the City's severely restrictive enforcement of its Ordinance conflicts with its purported interests by decreasing the quantity of food available to the hungry and limiting the ability of service providers to reach unhoused people. Dkt. 1 ¶¶ 57, 59–61.

The Ordinance also does not leave open adequate alternatives for communication to food sharing groups and individuals seeking to convey their messages because it restricts all charitable feeding to 61 Riesner Street. *See Sarre v. City of New Orleans*, 420 F. App'x 371, 376 (5th Cir. 2011) ("[A]n alternative forum is not sufficient if it 'foreclose[s] a speaker's ability to reach one audience even if it allows the speaker to reach other groups.'") (quoting *Gresham v. Peterson*, 225 F.3d 899, 907 (7th Cir. 2000)). Unlike other locations, 61 Riesner Street is less visible to members of the public and difficult to access for some people with mobility and health issues. Dkt. 1 ¶¶ 8, 47. In addition to Plaintiffs, countless others share food to convey support for those in need and other messages regarding poverty and homelessness. *Id.* ¶ 72. But the Anti-Food Sharing Ordinance restricts all food sharing in the City to one parking lot, which prevents these groups from conveying their message in numerous other traditional public forums where food sharing has historically occurred. *Id.* ¶ 74.

The Ordinance is not narrowly tailored to the City's purported interests and does not leave open ample alternatives for protected expression. *Id.* ¶¶ 58, 72, 74–78. The Ordinance is also the moving force behind the violation of Plaintiffs' First Amendment rights because the City has used

14

its authority under the Ordinance to cite FNBH members for sharing food outside the Central Library. *Id.* ¶¶ 5, 51, 52, 55. Thus, Plaintiffs have adequately pled that the Ordinance is a facially invalid time, place, and manner restriction, and the City's motion with respect to this claim should be denied.

### D. Plaintiffs' As-Applied First Amendment Claims Are Sufficiently Detailed for the City to Prepare a Response.

Even though this Court has already found that Plaintiffs are substantially likely to succeed on two of their as-applied claims, Dkt. 15 at 10, 12, the City now argues those very same claims are so vague and ambiguous that it cannot even respond. Dkt. 18 ¶ 28. The City claims it cannot respond until Plaintiffs: (1) identify FNBH stakeholders that are affiliated with the international Food Not Bombs movement, (2) explain how the Anti-Food Sharing Ordinance violates their rights, (3) specify locations other than the Central Library in which the Ordinance violates Plaintiffs' rights, and (4) demonstrate the City's intent to deprive Plaintiffs of their constitutional rights. Dkt. 18 ¶ 28. This Court should deny the City's Motion for More Definite Statement.

Under Federal Rule of Civil Procedure 12(e), a defendant is only entitled to a more definite statement when the pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e). A motion for a more definite statement should be granted "only when the complaint is so unintelligible that the court cannot 'make out one or more potentially viable legal theories,' and is 'so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to itself.'" *McClain v. United Airlines*, No. CV H-24-0050, 2024 WL 420907, at *1 (S.D. Tex. Feb. 5, 2024) (quotation omitted).

Plaintiffs have pled their as-applied First Amendment claims with sufficient specificity to allow the City to respond.

1. *Plaintiffs Specifically Pled Their As-Applied Constitutional Claims.*

According to the City, "Plaintiffs fail to provide the manner in which a content-neutral ordinance consistent with Texas property rights causes constitutional violations." Dkt. 18 ¶ 28. This is demonstrably false.

**First**, Plaintiffs allege that FNBH members and volunteers have been cited over eighty-nine times for violating the Anti-Food Sharing Ordinance by participating in Plaintiff FNBH's expressive food sharing events at the Library. Dkt. 1 ¶¶ 9, 51. Plaintiff Brandon Walsh alleges that he is a member of FNBH who regularly participates in FNBH's food sharing events by helping set up, recording for social media, and serving food. *Id.* ¶ 23. While he has not yet received a ticket, he remains at risk of being cited for engaging in protected expression. *Id.* ¶ 55. **Second**, Plaintiffs allege they are engaged in protected First Amendment activity during their food sharing events because they share food to protest war and poverty, demonstrate that food is a human right, and convey their dissatisfaction with the City's response to homelessness, and a reasonable observer would appreciate these messages based on the surrounding context. *Id.* ¶¶ 26, 27, 73. **Third**, Plaintiffs allege that the City's Anti-Food Sharing Ordinance violates the First Amendment as applied to them in three respects: as an improper prior restraint, an unconstitutional time, place, manner restriction, and a violation of their right to expressive association. *Id.* ¶¶ 68–79 (Invalid Time, Place, Manner); ¶¶ 80–84 (Prior Restraint); ¶¶ 85–92 (Expressive Association). Plaintiffs provide more than enough detail on how the Anti-Food Sharing Ordinance causes First Amendment violations, so the City's Motion for a more definite statement on this ground should be denied.

2. *The City Complains of Matters that Can Be Clarified Through Discovery*

Next, the City claims it cannot reasonably respond because Plaintiffs did not identify the "stakeholders of their unincorporated association affiliated with the grassroots international Food Not Bombs movement" and "fail to specify any specific locations where constitutional violations may occur other than the Central Library." Dkt. 18 ¶ 28. "[W]hen defendants are complaining of matters that can be clarified and developed during discovery, rather than matters that impede their ability to form a responsive pleading, the motion for a more definite statement should not be granted." *Tempur-Pedic Intern. Inc. v. Angel Beds LLC*, 902 F. Supp. 2d 958, 971 (S.D. Tex. 2012) (citation omitted); *see also Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959) ("[A] motion for more definite statement is not to be used to assist in getting the facts in preparation for trial as such. Other rules relating to discovery, interrogatories and the like exist for this purpose."). The City's Motion is not the proper vehicle for these matters since they can be clarified and developed during discovery and do not impede its ability to respond to Plaintiffs' as-applied First Amendment claims. Its Motion on these grounds should be denied.

3. *The City Wrongly Attempts to Add an Intent Requirement to Plaintiffs' First Amendment Claims.*

Finally, the City claims it cannot respond because Plaintiffs "fail to show Houston's intent to deprive these Plaintiffs of their constitutional rights." Dkt. 18 ¶ 28. Intent is constitutionally irrelevant to Plaintiffs' claims. The First Amendment applies not only where the government "disagrees with the message" but also when the government suppresses speech "for mere convenience." *McCullen*, 573 U.S. at 486. "Illicit legislative intent is not the *sine qua non* of a violation of the First Amendment. . . We have long recognized that even regulations aimed at proper governmental concerns can restrict unduly the exercise of rights protected by the First Amendment." *Minneapolis Star & Tribune Co. v. Minnesota Com'r of Revenue*, 460 U.S. 575,

592 (1983) (citations omitted). The Court should not require Plaintiffs to plead facts irrelevant to their claims, and the City's Motion on this ground should be denied.

## V.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully ask this Court to deny the City's Partial Motion to Dismiss and Motion for More Definite Statement.

Dated: March 13, 2024

Respectfully submitted,

/s/*Randall Hiroshige*
Randall Hiroshige
Texas Bar No. 24124299
Southern District No. 3708688
randy@texascivilrightsproject.org
Travis Fife
Texas Bar No. 24126956
Southern District No. 3734502
travis@texascivilrightsproject.org
Dustin Rynders
Texas State Bar No. 24048005
Southern District No. 685541
dustin@texascivilrightsproject.org
Texas Civil Rights Project
1405 Montopolis
Austin, Texas 78741
Tel. 512-474-5073

Remington Alessi
Texas Bar No. 24120245
Southern District No. 3596602
Remington@TexasChainsawLawyer.com
PO Box 230381
Houston, Texas 77223
Tel. 281-438-3733
Fax. 713-583-7973

**ATTORNEYS FOR PLAINTIFFS**

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on March 13, 2024, a true and correct copy of this document was properly

served on counsel of record via electronic filing in accordance with the USDC, Southern District

of Texas Procedures for Electronic Filing.

<u>/s/*Randall Hiroshige*</u>
Randall Hiroshige