IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Food Not Bombs Houston et al., | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 4:24-cv-338 |
| City of Houston, Texas, | ) |
| Defendant. | ) |

**JOID DISCOVERY/CASE MANAGEMENT PLAN UNDER
FEDERAL RULE OF CIVIL PROCEDURE RULE 26(f)**

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

**Response**: The parties conferred via telephone on Tuesday, March 26, 2024. Randall Hiroshige attended on behalf of Plaintiffs. M. Lucille (Lucy) Anderson and Kenneth Soh attended on behalf of Defendant.

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

**Response**:
Cases pending in federal court:
1. *Phillip Picone v. Ancira et al.*, Case No. 4:23-cv-01206, United States District Court for the Southern District of Texas.

Cases pending in state court, upon information and belief:
1. *The State of Texas v Benjamin Craft-Rendon*, Cause No. M70984085-01 NT 2023, Houston Municipal Court
2. *The State of Texas v Benjamin Craft-Rendon*, Cause No. M70984170-01 NT 2023 Houston Municipal Court
3. *The State of Texas v Sheri Dore*, Cause No. M70984109, Houston Municipal Court
4. *The State of Texas v Sheri Dore*, Cause No. M70984112, Houston Municipal Court
5. *The State of Texas v Sheri Dore*, Cause No. N38821553, Houston Municipal Court
6. *The State of Texas v Sheri Dore*, Cause No. M70984183, Houston Municipal Court
7. *The State of Texas v Sheri Dore*, Cause No. M70984190, Houston Municipal Court
8. *The State of Texas v Sheri Dore*, Cause No. M70984210, Houston Municipal Court

1

9. *The State of Texas v Sheri Dore*, Cause No. M70984214, Houston Municipal Court
10. *The State of Texas v Sheri Dore*, Cause No. M80012012, Houston Municipal Court
11. *The State of Texas v Sheri Dore*, Cause No. M80012018, Houston Municipal Court
12. *The State of Texas v Sheri Dore*, Cause No. RM70984125-01-01, Houston Municipal Court
13. *The State of Texas v Sheri Dore*, Cause No. RM70984134-01-01, Houston Municipal Court
14. *The State of Texas v Sheri Dore*, Cause No. RM70984149-01-01, Houston Municipal Court
15. *The State of Texas v Sheri Dore*, Cause No. RM70984158-01-01, Houston Municipal Court
16. *The State of Texas v Sheri Dore*, Cause No. RM70984090-01-01, Houston Municipal Court
17. *The State of Texas v Sheri Dore*, Cause No. RM70984096-01-01, Houston Municipal Court
18. *The State of Texas v Sheri Dore*, Cause No. RM70984100-01-01, Houston Municipal Court
19. *The State of Texas v Sheri Dore*, Cause No. M80012046, Houston Municipal Court
20. *The State of Texas v Sheri Dore*, Cause No. M70919419, Houston Municipal Court
21. *The State of Texas v Elisa Meadows*, Cause No. N38819435, Houston Municipal Court
22. *The State of Texas v Elisa Meadows*, Cause No. N38554652, Houston Municipal Court
23. *The State of Texas v Elisa Meadows*, Cause No. M70984209, Houston Municipal Court
24. *The State of Texas v Elisa Meadows*, Cause No. M80012024, Houston Municipal Court
25. *The State of Texas v Elisa Meadows*, Cause No. M80012026, Houston Municipal Court
26. *The State of Texas v Jamaiya Miller*, Cause No. N38925661, Houston Municipal Court
27. *The State of Texas v Nicholas Cooper*, Cause No. M80012201, Houston Municipal Court
28. *The State of Texas v Nicholas Cooper*, Cause No. N38821562, Houston Municipal Court
29. *The State of Texas v Jacob Woody*, Cause No. M70984110, Houston Municipal Court
30. *The State of Texas v Jacob Woody*, Cause No. N38821571, Houston Municipal Court
31. *The State of Texas v Jacob Woody*, Cause No. N38820625, Houston Municipal Court
32. *The State of Texas v Jacob Woody*, Cause No. M70984143, Houston Municipal Court
33. *The State of Texas v Jacob Woody*, Cause No. M70984150, Houston Municipal Court
34. *The State of Texas v Jacob Woody*, Cause No. M70984200, Houston Municipal Court
35. *The State of Texas v Jacob Woody*, Cause No. M80012006, Houston Municipal Court
36. *The State of Texas v Lena Craven*, Cause No. N38821587, Houston Municipal Court
37. *The State of Texas v Lena Craven*, Cause No. M80012041, Houston Municipal Court
38. *The State of Texas v Russell Adams*, Cause No. M70984123, Houston Municipal Court
39. *The State of Texas v Aliene Adams*, Cause No. RM70984130-01-01, Houston Municipal Court
40. *The State of Texas v Alan Foster*, Cause No. M70984175, Houston Municipal Court
41. *The State of Texas v Alan Foster*, Cause No. M70984196, Houston Municipal Court
42. *The State of Texas v Alan Foster*, Cause No. M70984213, Houston Municipal Court
43. *The State of Texas v Alan Foster*, Cause No. M80012017, Houston Municipal Court
44. *The State of Texas v Alan Foster*, Cause No. M80012025, Houston Municipal Court
45. *The State of Texas v Alan Foster*, Cause No. M80012116, Houston Municipal Court
46. *The State of Texas v Alan Foster*, Cause No. M80012151, Houston Municipal Court
47. *The State of Texas v Derek Huddleston*, Cause No. M80012027, Houston Municipal Court

48. *The State of Texas v Judith Hoffhien*, Cause No. M80012038, Houston Municipal Court
49. *The State of Texas v Alexia Hernandez*, Cause No. M80012052, Houston Municipal Court
50. *The State of Texas v Mary Wior*, Cause No. M80012090, Houston Municipal Court
51. *The State of Texas v Mary Wior*, Cause No. N38554661, Houston Municipal Court
52. *The State of Texas v Mary Wior*, Cause No. N34179381, Houston Municipal Court
53. *The State of Texas v Ashley Ellis*, Cause No. M80012096, Houston Municipal Court
54. *The State of Texas v David Monk*, Cause No. M80012104, Houston Municipal Court
55. *The State of Texas v Tracy Hamblin*, Cause No. M80012115, Houston Municipal Court
56. *The State of Texas v John Locke*, Cause No. M80012020, Houston Municipal Court
57. *The State of Texas v John Locke*, Cause No. M80012072, Houston Municipal Court
58. *The State of Texas v John Locke*, Cause No. M80012082, Houston Municipal Court
59. *The State of Texas v John Locke*, Cause No. M80012164, Houston Municipal Court
60. *The State of Texas v John Locke*, Cause No. M80012166, Houston Municipal Court
61. *The State of Texas v John Locke*, Cause No. M80012177, Houston Municipal Court
62. *The State of Texas v John Locke*, Cause No. M80012191, Houston Municipal Court
63. *The State of Texas v John Locke*, Cause No. N38559841, Houston Municipal Court
64. *The State of Texas v John Locke*, Cause No. M81007907, Houston Municipal Court
65. *The State of Texas v John Locke*, Cause No. M81007909, Houston Municipal Court
66. *The State of Texas v John Locke*, Cause No. M81007909, Houston Municipal Court
67. *The State of Texas v John Locke*, Cause No. M70919384, Houston Municipal Court
68. *The State of Texas v John Locke*, Cause No. N39273071, Houston Municipal Court
69. *The State of Texas v John Locke*, Cause No. M70919386, Houston Municipal Court
70. *The State of Texas v John Locke*, Cause No. M70919387, Houston Municipal Court
71. *The State of Texas v John Locke*, Cause No. M70919403, Houston Municipal Court
72. *The State of Texas v John Locke*, Cause No. M70919407, Houston Municipal Court
73. *The State of Texas v John Locke*, Cause No. M81007980, Houston Municipal Court
74. *The State of Texas v John Locke*, Cause No. M70919408, Houston Municipal Court
75. *The State of Texas v John Locke*, Cause No. M81007993, Houston Municipal Court
76. *The State of Texas v John Locke*, Cause No. N38554704, Houston Municipal Court
77. *The State of Texas v John Locke*, Cause No. M70919420, Houston Municipal Court
78. *The State of Texas v John Locke*, Cause No. M70919421, Houston Municipal Court
79. *The State of Texas v John Locke*, Cause No. M81008068, Houston Municipal Court
80. *The State of Texas v John Locke*, Cause No. M70919430, Houston Municipal Court
81. *The State of Texas v John Locke*, Cause No. M70919435, Houston Municipal Court
82. *The State of Texas v John Locke*, Cause No. N38554686, Houston Municipal Court
83. *The State of Texas v John Locke*, Cause No. N38554677, Houston Municipal Court
84. *The State of Texas v John Locke*, Cause No. N38560137, Houston Municipal Court
85. *The State of Texas v John Locke*, Cause No. N38820643, Houston Municipal Court
86. *The State of Texas v John Locke*, Cause No. N39274417, Houston Municipal Court

3. Briefly describe what this case is about.

**Response**: This is a First Amendment challenge to a City of Houston Ordinance that prohibits charitable feeding of more than five people on public property without consent of the public property owner. Houston City Code § 20-252. Plaintiffs claim the Ordinance violates the First Amendment in three respects: 1) as an improper prior restraint, 2) as an unconstitutional time, place, and manner restriction, and 3) as a violation of Plaintiffs' right to expressive association.

4. Specify the allegation of federal jurisdiction.

**Plaintiffs' Response**: This Court has federal subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 because Plaintiffs claims arise under 42 U.S.C. § 1983 and the First and Fourteenth Amendments to the United States Constitution.

5. Name the parties who disagree and the reasons.

**Defendant's Response**: As set forth more fully in Houston's February 22, 2024 Rule 12(b)(6) partial motion to dismiss and Rule 12(e) motion for more definite statement, Dkt. 18, Plaintiff fails to make a timely claim for relief under 42 U.S.C. § 1983 and the First and Fourteenth Amendments to the U.S. Constitution, and dismissal is proper. Houston asserts that Plaintiffs' challenges to the ordinances at issue are time-barred. Houston asserts Plaintiff Walsh does not have standing to challenge the enforcement of Houston's Charitable Feeding Ordinance and has not sufficiently alleged civil rights violations under 42 U.S.C. §1983.

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

**Response**: None at this time, however Plaintiffs are still investigating the claims and defenses and may seek leave to add additional parties upon further discovery.

7. List anticipated interventions.

**Response**: None at this time.

8. Describe class-action issues.

**Response**: None at this time.

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

**Plaintiffs' Response**: Neither party has made initial disclosures at this time. Plaintiffs submit that discovery should proceed and the parties should exchange initial disclosures under Rule 26(a) on or before April 26, 2024.

**Defendant's Response**: Defendant believes discovery should not be allowed until the Court has ruled on Houston's pending Rule 12 motions.

10. Describe the proposed agreed discovery plan, including:

   A. Responses to all the matters raised in Rule 26(f).

   **Plaintiffs' Response**: Discovery should proceed and take 9 months to complete.

   **Defendant's Response**: Defendant believes discovery should not be allowed until the Court has ruled on Houston's pending Rule 12 motions. No discovery will be necessary to rule on the motion to dismiss, nor should any be permitted prior to a ruling on any motion to dismiss. *See, e.g., Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012).

   B. When and to whom the plaintiff anticipates it may send interrogatories.

   **Response**: Plaintiffs intend to send interrogatories to Defendant and any nonparties revealed in discovery by the close of discovery.

   C. When and to whom the defendant anticipates it may send interrogatories.

   **Response**: Defendant believes discovery should not be allowed until the Court has ruled on Houston's pending Rule 12 motions. No discovery will be necessary to rule on the motion to dismiss, nor should any be permitted prior to a ruling on any motion to dismiss. *See, e.g., Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012).

   D. Of whom and by when the plaintiff anticipates taking oral depositions.

   **Response**: Plaintiffs intent to take oral depositions from Marc Eichenbaum, Renee Beckham, Sylvester Turner, Houston Police Officer Jeffrey Richard, the 30(b)(6) representative(s) of the City of Houston, any expert proffered by Defendants, and any other persons necessary as revealed through discovery. Plaintiffs intend to take these depositions before the close of discovery.

   E. Of whom and by when the defendant anticipates taking oral depositions.

   **Response**: Defendant believes discovery should not be allowed until the Court has ruled on Houston's pending Rule 12 motions. No discovery will be necessary to rule on the motion to dismiss, nor should any be permitted prior to a ruling on any motion to dismiss. *See, e.g., Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012).

   F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

**Plaintiffs' Response**: Plaintiffs will designate their experts, if any, and provide the requisite reports by September 17, 2024. Defendant will designate their experts, if any, and provide the requisite reports by October 17, 2024. Rebuttal experts, if any, will be designated within 30 days after disclosure is made by the other party.

**Defendant's Response**: Defendant believes discovery should not be allowed until the Court has ruled on Houston's pending Rule 12 motions. No discovery will be necessary to rule on the motion to dismiss, nor should any be permitted prior to a ruling on any motion to dismiss. *See, e.g., Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012). Defendant will be able to designate experts within thirty (30) days of Plaintiffs' expert designation.

G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.  See Rule 26(a)(2)(B) (expert report).

**Response**: Plaintiffs will depose any expert designated by the City. The anticipated completion date is the close of discovery.

H. List expert depositions the opposing party anticipates taking and their anticipated completion date.  See Rule 26(a)(2)(B) (expert report).

**Defendant's expert depositions:** Defendant believes discovery should not be allowed until the Court has ruled on Houston's pending Rule 12 motions. No discovery will be necessary to rule on the motion to dismiss, nor should any be permitted prior to a ruling on any motion to dismiss. *See, e.g., Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012). Defendant will be able to depose Plaintiffs' experts by the close of discovery, if necessary.

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

**Plaintiffs' Response**: Discovery should proceed and take 9 months to complete.

**Defendant's Response**: Defendant believes discovery should not be allowed until the Court has ruled on Houston's pending Rule 12 motions. No discovery will be necessary to rule on the motion to dismiss, nor should any be permitted prior to a ruling on any motion to dismiss. *See, e.g., Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012).

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

**Response**: An evidentiary hearing was held on February 12, 2024.  Marc Eichebaum and Renee Beckham testified and all parties' exhibits were admitted.

13. State the date the planned discovery can reasonably be completed.

**Plaintiffs' Response:**  Discovery can proceed and should be completed within 9 months of the Rule 26 Scheduling Conference.

**Defendant's Response**: The parties will complete discovery within 9 months of the Court's ruling on Houston's pending Rule 12 motions.

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

**Plaintiffs' Response:** The parties discussed this topic during the Rule 26(f) conference. Settlement is unlikely at this time based on Defendant's position, below.

**Defendant's Response**: In light of the over 12 years of protracted litigation challenging Houston's Charitable Feeding Ordinance, Defendant does not believe any resolution short of dismissal is appropriate.

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

**Plaintiffs' Response:** The parties discussed this topic during the Rule 26(f) conference. Settlement is unlikely at this time based on Defendant's position, below.

**Defendant's Response**: In light of the over 12 years of protracted litigation challenging Houston's Charitable Feeding Ordinance, Defendant does not believe any resolution short of dismissal is appropriate.

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

**Plaintiffs' Response:** The parties discussed this topic during the Rule 26(f) conference. Settlement is unlikely at this time based on Defendant's position, below.

**Defendant's Response**: In light of the over 12 years of protracted litigation challenging Houston's Charitable Feeding Ordinance, Defendant does not believe any resolution short of dismissal is appropriate.

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

**Response**: The parties do not consent to trial before a U.S. Magistrate Judge.

18. State whether a jury demand has been made and if it was made on time.

**Response**: Plaintiffs timely requested a jury at the time of filing.

19. Specify the number of hours it will take to present the evidence in this case.

**Response**: Trial is likely to last 20-30 hours.

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

**Response**: None at this time, but Defendant's Partial Motion to Dismiss and Motion for More Definite Statement, Dkt. 18 is ripe for ruling.

21. List other motions pending.

**Response**: None at this time.

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

**Defendant's Response**: In light of the over 12 years of protracted litigation challenging Houston's Charitable Feeding Ordinance, and in the event discovery is allowed following the Court's ruling on Houston's pending Rule 12 motions, discovery should be limited in time and scope.

23. List the identities and purposes of witnesses.

**Response**:
Marc Eichenbaum – Special Assistant to the Mayor for Homeless Initiatives. Purpose: Has knowledge of the justification for enforcing the challenged Ordinance.
Renee Beckham – Chief Sanitarian, Houston Health Department. Purpose: Has knowledge of the Health Department's rules, regulations, and criteria for use of city properties for charitable food service events.
Former Mayor Annise Parker. Purpose: Has knowledge of the justification for passing the challenged Ordinance.
Former Mayor Sylvester Turner. Purpose: Has knowledge of the justification for enforcing the challenged Ordinance.
Mayor John Whitmire. Purpose: Has knowledge of the justification for enforcing the challenged Ordinance.
Stephen Williams – Director, Houston Health Department. Purpose: Has knowledge of the Health Department's rules, regulations, and criteria for use of city properties for charitable food service events.
Dr. Rhea Lawson – Director, Central Public Library. Purpose: Has knowledge of the justification for enforcing the challenged Ordinance.
Kenneth Allen – Director, Houston Parks Department. Purpose: Has knowledge of the Park Department's rules, regulations, and criteria for use of park properties for charitable food service events.
Officer Jeffrey Richard – HPD Officer #098110. Purpose: Has knowledge of the enforcement of the challenged Ordinance.
Officer Fernando Mata – HPD Officer #107851. Purpose: Has knowledge of the enforcement of the challenged Ordinance.
Officer Arnoldo Chapa – HPD Officer #098072. Purpose: Has knowledge of the enforcement of the challenged Ordinance.
Officer Dang The Nguyen – HPD Officer #164247. Purpose: Has knowledge of the enforcement of the challenged Ordinance.

Officer Patrick Aranda – HPD Officer #128750. Purpose: Has knowledge of the enforcement of the challenged Ordinance.
Officer Troy Finner – HPD Chief. Purpose: Has knowledge of the justification for enforcing the challenged Ordinance.
Brandon Walsh – Named Plaintiff. Purpose: Has knowledge of the enforcement of the challenged Ordinance.
Rebecca LaVergne. Purpose: Has knowledge of the enforcement of the challenged Ordinance.
John Locke. Purpose: Has knowledge of the enforcement of the challenged Ordinance.
Nicholas Cooper. Purpose: Has knowledge of the enforcement of the challenged Ordinance.
All witnesses with a pending or related case listed above.

24. List the sources and types of documents.

**Plaintiffs' Response**: Plaintiffs submitted documents as exhibits in support of their motion for a preliminary injunction. Dkt. 4-(3-19). Over the course of discovery, Plaintiffs intend to ask for documents, electronic communications, and records pertaining to the passage and enforcement of the challenged Ordinance.

**Defendant's Response**: In light of the over 12 years of protracted litigation challenging Houston's Charitable Feeding Ordinance, and in the event discovery is allowed following the Court's ruling on Houston's pending Rule 12 motions, discovery should be limited in time and scope. Documents produced during the evidentiary hearing on February 12, 2024 have been produced.

25. List the names, bar numbers, addresses and telephone numbers of all counsel.

**ATTORNEYS FOR PLAINTIFFS:**

Randall Hiroshige
Texas Bar No. 24124299
Southern District No. 3708688
randy@texascivilrightsproject.org
Travis Fife
Texas Bar No. 24126956
Southern District No. 3734502
travis@texascivilrightsproject.org
Dustin Rynders
Texas State Bar No. 24048005
Southern District No. 685541
dustin@texascivilrightsproject.org
Texas Civil Rights Project
1405 Montopolis
Austin, Texas 78741
Telephone: 512-474-5073

Remington Alessi
Texas Bar No. 24120245

Southern District No. 3596602
Remington@TexasChainsawLawyer.com
PO Box 230381
Houston, Texas 77223
Tel. 281-438-3733
Fax. 713-583-7973

**ATTORNEYS FOR DEFENDANT:**

M. Lucille Anderson
Senior Assistant City Attorney III
Federal ID No. 19377
Texas Bar No. 00793260
832.393.6485
832.393.6259 Fax
MLucille.Anderson@houstontx.gov
Kenneth S. Soh
Senior Assistant City Attorney
Federal Bar No. 19783
Texas Bar No. 00794670
Phone 832-393-6468
Fax 832-393-6259
Kenneth.Soh@houstontx.gov
City of Houston Legal Department
P.O. Box 368
Houston, Texas 77001-0368

Dated: March 26, 2024

| | |
|---|---|
| */s/ Randall Hiroshige* | */s/ M. Lucille Anderson* |
| Randall Hiroshige | M. Lucille Anderson |
| Texas Bar No. 24124299 | Senior Assistant City Attorney III |
| Southern District No. 3708688 | Federal ID No. 19377 |
| randy@texascivilrightsproject.org | Texas Bar No. 00793260 |
| Texas Civil Rights Project | MLucille.Anderson@houstontx.gov |
| 1405 Montopolis | City of Houston Legal Department |
| Austin, Texas 78741 | P.O. Box 368 |
| Telephone: 512-474-5073 Ext. 214 | Houston, Texas 77001-0368 |
| | 832.393.6485 |
| | 832.393.6259 Fax |
| **ATTORNEY FOR PLAINTIFFS** | |
| | **ATTORNEY FOR DEFENDANT** |