United States District Court
Southern District of Texas
**ENTERED**
June 06, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FOOD NOT BOMBS HOUSTON et al, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:24-CV-0338 |
| | § | |
| | § | |
| CITY OF HOUSTON, TEXAS | § | |
| | § | |
| *Defendant.* | § | |

## ORDER ON MOTION TO DISMISS

On this date, the Court considered Defendant's Rule 12(b)(6) Partial Motion to Dismiss and Rule 12(e) Motion for More Definite Statement. (Doc. No. 18). After due consideration of this motion, any responses and replies, and all other evidence and argument, the Court **DENIES** Defendant's Motion (Doc. No. 18) for the reasons set forth in Plaintiffs' response (Doc. No. 23).

As to Defendant's procedural arguments, the Court finds that the Plaintiffs' lawsuit is not time-barred, nor do the Plaintiffs lack standing. As to Defendant's substantive arguments, the Court *already found* that Plaintiffs have demonstrated a likelihood on the success on the merits on two of their constitutional challenges when it granted Plaintiffs' request for a preliminary injunction. *See* (Doc. No. 15). For these reasons, the Court denies Defendant's motion to dismiss.

The Court also denies Defendant's motion for a more definite statement. Clearly, the Court understood Plaintiffs' constitutional challenges well enough to issue its prior order. Even so, in their response to Defendant's motion, Plaintiffs articulate their challenges in great detail. (Doc. No. 23 at 20). Still, the Court wishes to address one point raised by Defendant in its request for a more definite statement. Defendant argues that "Plaintiffs should be required to replead to identify . . . the conduct that shows Houston **intended** to deprive Plaintiffs of their constitutional rights."

(Doc. No. 18 at 25) (emphasis added). Intent is constitutionally irrelevant to Plaintiffs' claims. The First Amendment applies regardless of whether the government intends to suppress speech or merely does so for convenience. Accordingly, the Court is unpersuaded by Defendant's arguments for dismissing or for requiring Plaintiff to replead. Defendant's Rule 12(b)(6) Partial Motion to Dismiss and Rule 12(e) Motion for More Definite Statement is therefore **DENIED** in its entirety. (Doc. No. 18).

Signed at Houston, Texas, this 6th day of June, 2024.

Andrew S. Hanen
United States District Judge