United States District Court
Southern District of Texas
**ENTERED**
December 13, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Food Not Bombs Houston et al., | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 4:24-cv-338 |
| | ) (Consolidated Case: No. 4:23-cv-1206) |
| City of Houston, Texas, | ) |
| Defendant. | ) |

## AMENDED STIPULATED AGREEMENT AND ORDER REGARDING ELECTRONICALLY STORED INFORMATION

For good cause, and pursuant to Rule 34 of the Federal Rules of Civil Procedure, the parties' Joint Motion for Entry of an Amended Stipulated Agreement and Order Regarding Electronically Stored Information, Dkt. 35, is **GRANTED**. This Agreement and Order supersedes the prior Order Regarding Electronically Stored Information, Dkt. 33, and the Court now **ORDERS** as follows:

The parties hereby agree to use all reasonable efforts to comply with the electronically stored information ("ESI") protocols contained in this Agreement with respect to specifications for production, gathering and producing electronically-stored information. This agreement is not intended to increase the burden on a producing party or to expand discovery requirements under the Federal Rules of Civil Procedure. The parties acknowledge that it is difficult to predict the type of ESI issues that may arise during discovery. If a party determines that the burden in complying with any of the provisions below becomes too great or compliance otherwise becomes unworkable, then the parties agree to meet and confer in good faith to resolve any such issue.

## I. GENERAL PROVISIONS

a. **Scope.** This agreement encompasses any and all documents provided in electronic format (hereinafter referred to as "ESI data"), including documents that are physically stored that are converted to an electronic format before production and/or electronically created and stored documents. Careful consideration should be given to the methodology, implementation and documentation of ESI collection to ensure that all responsive data and metadata are preserved in the collection process.

b. **Search Terms.** The parties agree to meet and confer to identify key word search terms, data restrictions, and any custodians who may have documents responsive to each party's discovery requests. The agreed search terms will be shared between the parties but will not be filed with this Court.
Additionally, the parties recognize that as the litigation evolves, there may be a need to supplement earlier agreed methods or search terms to enhance or improve the identification of potentially relevant ESI. Accordingly, the parties shall meet and confer as needed to facilitate the reasonable identification of potentially relevant ESI.

c. **Specification Modifications.** Any non-duplicative responsive data or documents that exist in locations or native forms not discussed in these Production Specifications remain responsive and, therefore, arrangements should be made to facilitate their production.

d. **Privilege Log.** The privilege log shall provide, along with other pertinent information about the document withheld or redacted, all bases for a claim of

5

privilege in accordance with the Federal Rules of Civil Procedure. Parties should produce privilege logs in an electronic and easily searchable format in a reasonable time after production.

e. **No Waiver.** The parties to this agreement and their attorneys do not intend by this agreement to waive their rights to any privileges to which they are entitled to claim under applicable law. Nothing herein shall be construed to affect the discoverability or admissibility of any document. All objections to the discoverability or admissibility of any such document or information are preserved and may be asserted at any time.

f. **Definitions for Metadata Fields.**

   (a) "document" means any writing however recorded, including handwriting, typewriting, printing, photographing, photocopying, transmitting by electronic mail or facsimile and every other means of recording upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds or symbols or combinations thereof, and any record created thereby, regardless of the manner in which the record has been stored, and also specifically includes Electronically Stored Information and Hard-Copy Documents.

   (b) "email" means electronic messages sent using electronic mail protocols (e.g., IMAP, SMTP).

   (c) "instant message" means a non-e-mail form of electronic messaging, including messages sent via text, social media platforms (*e.g.*, Facebook, Instagram, Tik Tok, X formerly known as Twitter), and group messaging

5

applications (*e.g.*, Slack, Cisco Jabber, Microsoft Teams, Signal, Google Chat, SMS, MMS, DMs).

(d) "e-attachment" means files that are attachments to emails.

(e) "e-document" means a word processing, spreadsheet, presentation, image or other file (other than email) stored or transmitted in electronic form.

(f) "Native document" means an email, e-document or e-attachment in the original file format which it was generated and/or as used by the producing party in the usual course of its business and in its regularly conducted activities. For example, the native format of an Excel workbook is a .xls or .xslx file

g. **Metadata Fields.** The following are the metadata fields that shall be produced, to the extent they exist, and should be provided in the data load file at the same time that the TIFF images are produced. However, metadata is not required for videos, photos, and instant messages:

| Field Name | Field Description | Populated For | Example Value or Format |
| --- | --- | --- | --- |
| ProdBeg | Production number of the first page of the document | All documents | [Prefix]-0000001 |
| ProdEnd | Production number of the last page of the document | All documents | [Prefix]-0000002 |
| BegAttach | Production number of the first page of the first document of the document family | All documents | [Prefix]-0000001 |

5

| | | | |
|---|---|---|---|
| EndAttach | Production number of the last page of the last document of the document family | All documents | [Prefix]-0000004 |
| Custodian/Source | Name of person or source from whom documents/files were collected | All documents | John Smith, Human Resources Department, etc. |
| FileName | The file name of the document, including document extension | Email, e-documents, and e-attachments | Agenda.docx |
| FilePath | The directory structure of the original file(s). If a file is inside of a container, the container name is included in the path | Email, e-documents, and e-attachments | C:\My Documents\Agenda.docx |
| Attachment Name | The file name(s) of the produced documents attached to emails or e-documents. Multiple files should be delimited by a semicolon. | Email, e-documents | |
| NativeFile | Representing that file is produced in Native format | Native documents | |
| EmailSubject | Subject line of email message | Email | |
| To | All recipients that were included on the "To" line of the email | Email | "John Smith" <johnsmith@gmail.com> |

5

| | | | |
|---|---|---|---|
| From | The sender of the email | Email | "John Smith" <johnsmith@gmail.com> |
| CC | All recipients that were included on the "CC" line of the email | Email | "John Smith" <johnsmith@gmail.com> |
| BCC | All recipients that were included on the "BCC" line of the email | Email | "John Smith" <johnsmith@gmail.com> |
| DateSent | The date the email was sent | Email | MM/DD/YYYY |
| TimeSent | The time the email was sent. If time sent is included as part of the DateSent, this field is unnecessary | Email | HH:MM [AM/PM] |
| DateRcvd | The date the email was received | Email | MM/DD/YYYY |
| TimeRcvd | The time the email was received. If time sent is included as part of the DateRcvd, this field is unnecessary | Email | HH:MM [AM/PM] |
| MsgID | Email system identifier assigned by the host email system. This value is extracted from parent message during processing | Email | |
| MsgHeader | The message header of the email | Email | |

| Conversation Index | The conversation index value for email (e.g. MS Exchange message id) | Email | |
| --- | --- | --- | --- |
| Company | The email domain name | Email | |
| ParentID | ProdBeg number of the parent document | Native documents, email, e-documents, and e-attachments | |
| AttID | ProdBeg number of the attached document | Native documents, email, e-documents, and e-attachments | |
| DateCreated | The date the file was created | e-documents and e-attachments | MM/DD/YYYY |
| TimeCreated | The time the file was created | e-documents and e-attachments | HH:MM [AM/PM] |
| Title | Any value populated in the Title field of the document properties. | Native documents, email, e-documents and e-attachments | |
| Subject | Any value populated in the Subject field of the document properties. | e-documents and e-attachments | |

| | | | |
|---|---|---|---|
| DocType | Descriptor for the type of Document. "Email" for all emails, "E-Document" for electronic Documents not attached to e-mails; "E-attachment" for files that were attached to emails; and "Hard Copy" for Hard-Copy Documents. | All documents | Email, e-attachment, Hard Copy, etc. |
| FileSize | Size (in bytes) of the original file | e-documents and e-attachments | 50kb |
| Author | Any value populated in the Author field of the document properties. | e-documents and e-attachments | John Smith |
| MD5Hash | Checksum for a file, a 128-bit value | Email, e-documents, and e-attachments | |
| Page Count | Number of pages in the document | All documents | |
| Extension | The file extension of a document | Email, e-documents, and e-attachments | pdf, xlsx, docx, etc. |
| Modified By | Person who last modified or saved the item, as populated in the document properties. | e-documents and e-attachments | John Smith |
| Modified Time | Time the document was last modified | e-documents and e-attachments | HH:MM [AM/PM] |

5

| Modified Date | Date the document was last modified | e-documents and e-attachments | MM/DD/YYYY |
|---|---|---|---|
| PrintDate | Date the document was last printed | Email, e-documents, and e-attachments | MM/DD/YYYY |
| PrintTime | Time the document was last printed | Email, e-documents, and e-attachments | HH:MM [AM/PM] |
|  |  |  |  |

Each of the metadata and coding fields set forth above that can be extracted from a document shall be produced for that document. The parties are not obligated to populate manually any of the fields if such fields cannot be electronically extracted from a document or electronically collected from its repository. The parties reserve the right to show cause and request native files.

h. **De-duplication.** The parties may de-duplicate their ESI production across custodial and non-custodial data sources after disclosure to the requesting party.

i. **Costs.** Generally, the costs of discovery shall be borne by each party. However, the parties reserve the right to move the Court to apportion the costs of electronic discovery upon a showing of good cause.

j. **No Modifications.** This agreement may not be enlarged, modified, or altered except in a writing signed by each party to this agreement. Either party may move the Court at any time to modify the provisions of this stipulation for good cause shown.

II. **PRODUCTION OF PHYSICALLY STORED INFORMATION**

   a. **Imaging.** Hardcopy paper documents shall be scanned as single-page, Group IV compression TIFF images using a print setting of at least 300 dots per inch (DPI). Each single-page image shall be named and branded with its unique Bates number. Alternatively, hardcopy documents may be produced as PDF images with corresponding text files as required under § II.b. below. TIFFs will show any and all text and images as printed from the native software that created the document.

   b. **Text Files.** For each document, a single document-level text file (.txt.) shall be provided along with the image files and metadata. The text file name shall be the same as the Bates and/or control number of the first page of the document. File names shall not have any special characters or embedded spaces. All electronic text must be extracted directly from the native electronic file unless the content was redacted, a non-text image file, or a physical file.

   c. **Database Load Files/Cross-Reference Files.** Documents shall be provided with (a) a .dat delimited metadata file and (b) an .opt image load file.

   d. **Paper and Hard-Copy Files.** Electronic documents and data will not be produced in paper format without also providing all electronic metadata and imaging, as described above.

   e. **Bates Numbering.** All images and/or Native files must be assigned a Bates/control number that always shall: (1) be unique across the entire document production, (2) maintain a constant length (zero/0-padded) across the entire production, (3) contain no special characters or embedded spaces, and (4) be

6

sequential within a given document. If a Bates number or set of Bates numbers is skipped in a production, the producing party will disclose the Bates numbers or ranges in a cover letter accompanying the production.

f. **Attachments - Parent-Child Relationships.** Parent-child relationships (the association between an attachment and its parent document) shall be preserved to the extent possible. When attachments and embedded files are combined with their parent documents, the "BegAttach" and "EndAttach" fields, listing the unique beginning and ending number for each attachment or embedded document, must be included in the data load file.

g. **Unitizing of Paper Documents.** Best efforts will be made to preserve physical document and family boundaries as collected or logically determine distinct document and family boundaries.

III. **PRODUCTION OF ELECTRONICALLY STORED INFORMATION**

a. **Culling.** The parties will use all good faith efforts to search for and produce documents not deemed privileged and shall meet and confer to disclose and discuss any methodology or technologies being employed by each party that reduce the number of documents to be reviewed in the discovery process.

b. **Email.** Email, messages, calendar items, tasks, and contacts shall be collected from the producing party's email store (e.g., MS Exchange, Lotus Notes) or the producing party's inbox.

c. **Embedded Objects.** Embedded documents within documents, excluding email attachments, shall be produced as native files maintaining a parent-child relationship and sequential Bates numbering.

d. **Compressed files.** Compression file types (i.e., .CAB, .GZ, .TAR, .Z, .ZIP) shall be decompressed so that a zip within a zip is decompressed into the lowest possible compression resulting in individual folders and/or files. The documents within these compressed file types shall conform to the production with all imaging, Bates-numbering, pagination, and text files as laid out below.

e. **Imaging.** Each document shall be produced as a single-page, TIFF image. Each single-page image shall be named and branded with its unique Bates number. TIFFs will show any and all text and images as printed from the native software that created the document.

f. **Text Files.** For each document, a single document-level text file (.txt) shall be provided along with the image files and metadata. The text file name shall be the same as the Bates and/or control number of the first page of the document. File names shall not have any special characters or embedded spaces. All electronic text must be extracted directly from the native electronic file unless the content was redacted, a non-text image file, or a physical file.

g. **Database Load Files/Cross-Reference Files.** Documents shall be provided with (a) a .dat delimited metadata file and (b) an .opt image load file.

h. **Spreadsheets.** Spreadsheets shall be produced as a native document file, with an accompanying TIFF placeholder, named by a unique Bates number that immediately follows its parent document or precedes its children. Spreadsheets will be produced with the extracted text and relevant metadata identified above. Alternatively, if a spreadsheet needs to be redacted, the parties may produce an image of the spreadsheet with all worksheets, fields and rows unhidden, fully

expanded and printed over and then down if the width is wider than one sheet. If the spreadsheet is produced as a static image, all pages will be Bates-stamped and the document shall be produced as described above.

i. **Microsoft PowerPoint or other slide programs.** PowerPoint or other slide program presentations shall be produced in both native format and TIFF format, and shall be processed with hidden slides and all speaker notes unhidden. They shall be processed to show both the slide and the speaker's notes on the TIFF image.

j. **Structured Data.** To the extent a response to discovery requires production of discoverable electronic information contained in a database, the producing party shall consider methods of production best providing all relevant information, including but not limited to generation of relevant reports, duplication of databases, or limited access to the database. Parties should consider whether all relevant information may be provided by querying the database for discoverable information and generating a report in a reasonably usable and exportable electronic file (for example, Excel or CSV format). If that format is agreed upon, a document reference sheet can be requested if the purpose and meaning of the tables and headers are not immediately apparent.

k. **Audio and Video Files.** All audio files and video files shall be produced in native or comparable format with an accompanying TIFF placeholder, named by a unique Bates number that immediately follows its parent document.

l. **Instant Messages.** Instant messages can be produced as screenshots and need not be produced in native format.

9

m. **Additional ESI Production Protocols.**

    i. File Size Limitation/Non-Standard Files. The format of production of unusually large files and non-standard electronic files, large oversized documents (e.g., blueprints), etc., may be discussed before production to determine the optimal production format.

    ii. Color. Except as noted in paragraph m(i) above, with notice to the receiving parties, documents containing color should be produced in color. If producing a document originally containing color is overly burdensome, the parties agree to meet and confer in good faith to as to producing black-and-white versions of the relevant documents. However, if an original document contains color necessary to understand the meaning or content of the document, the producing party will honor reasonable requests for a color image of the document.

    iii. Files Not Conducive to Printing. Files that are not conducive to printing may be produced in native format (e.g., Excel spreadsheets, Access Database files, AutoCAD, and Microsoft Project files). Documents produced in native format shall be included in the database load file along with a Bates numbered image stating that the document is produced in native format and with extracted text in a document-level text file.

SO ORDERED: _July 13_, 2024

Andrew Hanen
United States District Judge

11