# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **FOOD NOT BOMBS HOUSTON, BRANDON WALSH** | § § § § § | |
| **Plaintiffs** | § § | |
| **v.** | § § | **C.A. No. 4:24-CV-00338** |
| **THE CITY OF HOUSTON, TEXAS,** | § § § | |
| **Defendant** | § | |

**Consolidated with**

| | | |
|---|---|---|
| **PHILLIP PICONE,** | § § | |
| **Plaintiff** | § § | **C.A. NO. 4:23-CV-1206** |
| **v.** | § § | |
| | § | **Judge Andrew Hanen** |
| **OFFICER A. ANCIRA,** *in his Individual capacity*, **and THE CITY OF HOUSTON, TEXAS,** | § § § § | |
| **Defendants** | § § | |

## DEFENDANT CITY OF HOUSTON'S MOTION TO STRIKE ORIGINAL COMPLAINT IN INTERVENTION

Pursuant to this Court's April 12, 2024 Scheduling Order (Dkt. 27), January 31, 2025 order amending the deadlines for the Parties to file dispositive and non-dispositive motions (Dkt. 39), and Federal Rules of Civil Procedure 19 and 24, Defendant City of Houston moves to strike the untimely Intervenors' Original

1

Complaint in Intervention (Dkt. 41). In support of this request, Houston respectfully shows:

1.      These consolidated cases challenge a City of Houston ordinance that prohibits Plaintiffs and others from providing food without charge to more than five people in need on City property without the City's advance written consent. *See* Dkt. 1 (Case No. 4:24-cv-338), Dkt. 8 (Case No. 4:23-cv-1206); Houston City Code § 20-252.

2.      The deadline for joinder of new parties was July 12, 2024 (Dkt. 27). No new parties timely intervened in this case. The Intervenors' Original Complaint in Intervention was filed over 8 months after the joinder deadline in this case. (Dkt. 41). Remington Alessi, Counsel for the Intervenors, is also counsel for Plaintiff Food Not Bombs Houston in this case.  (*See* Dkt. 1).  Intervenors' counsel was thus aware of the deadlines in the scheduling order for adding additional parties, and has offered no justification for this attempted intervention over 8 months after the joinder deadline. While Mr. Alessi apparently acknowledges some unspecified filing error as reflected in the Court/s CM ECF entry modification, he does not appear to have withdrawn the Complaint in Intervention. (Dkt. 41).

3.      Federal Rule of Civil Procedure 24 requires any intervention to be requested by motion to intervene and served on the parties as provided in Rule 5. FED. R. CIV. P. 24. The motion must state the grounds for intervention and be

2

accompanied by a pleading that sets out the claim or defense for which the intervention is sought. *Id*. Purported interventors John Locke, Benjamin Franklin Sequoia Craft-Rendon, Nicholas Cooper, and Alan Foster's Original Complaint in Intervention (Dkt. 41) is not accompanied by an appropriate motion and order as required by Federal Rule of Civil Procedure 24 and should be stricken. *Id*.

4.      It is not feasible to join additional parties to the litigation at this late date.  When joinder of additional parties is not feasible, as here, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties.  FED. R. CIV. P. 19.  The existing parties adequately represent the interests of the purported intervenors and undoubtedly will make all of the absent parties' arguments. *See Salt River Project Agric. Imprv. & Power Dist. v. Lee*, 672 F.3d 1176, 1178-80 (9th Cir. 2012) (district court can accord the complete injunctive relief sought absent additional parties). The current parties are capable of and willing to make all the absent parties' arguments, and the absent parties will not offer any necessary element to the proceedings that the present parties would neglect. *Id*. In this case, there is no reason to believe the existing parties cannot or will not make any reasonable argument that the purported intervenors would make if they were parties and their late attempt at intervention should be denied.

5.      For the foregoing reasons, Defendant City of Houston respectfully

requests that this Court grant its motion to strike the Intervenors' Original Complaint

in Intervention (Dkt. 41) and for such other and further relief as justice may require.

Dated: March 21, 2025.

                                     Respectfully submitted,

                                     Respectfully submitted,
                                     **ARTURO G. MICHEL**
                                     City Attorney
                                     **SUZANNE R. CHAUVIN**
                                     Chief, General Litigation Section

                              By:       */s/ M. Lucille Anderson*
                                     M. Lucille Anderson
                                     Sr. Assistant City Attorney III
                                     Federal ID No. 19377
                                     Texas Bar No. 00793260
                                     City of Houston Legal Department
                                     P.O. Box 368
                                     Houston, Texas 77001-0368
                                     832.393.6485
                                     832.393.6259 Fax

                                     **ATTORNEYS FOR DEFENDANT**
                                     **CITY OF HOUSTON, TEXAS**

**OF COUNSEL:**

Kenneth Soh
Sr. Assistant City Attorney III
Federal ID No. 11882
Texas State Bar No.: 00794670
Kenneth.soh@houstontx.gov
City of Houston Legal Department
P.O. Box 368
Houston, Texas 77001-0368
832.393.6485
832.393.6259 Fax

## CERTIFICATE OF CONFERENCE

I certify that on March 21, 2025, Counsel for Defendant City of Houston conferred with counsel for Plaintiffs Food Not Bombs Houston and Brandon Walsh via telephone and email and Counsel for Plaintiff Phillip Picone via email. Plaintiffs Food Not Bombs Houston and Brandon Walsh are unopposed to Houston's motion to strike.  Plaintiff Phillip Picone is opposed to Houston's motion to strike.

*/s/ M. Lucille Anderson*
M. Lucille Anderson

## CERTIFICATE OF SERVICE

I certify that on March 21, 2025, a true and correct copy of this document was properly served on all counsel of record via electronic filing.

*/s/ M. Lucille Anderson*
M. Lucille Anderson