# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| FOOD NOT BOMBS HOUSTON, BRANDON WALSH § § | | |
| Plaintiffs § | | |
| § | | |
| v. § | C.A. No. 4:24-CV-00338 | |
| § | | |
| THE CITY OF HOUSTON, TEXAS, § | | |
| Defendant § | | |

**Consolidated with**

| | | |
|---|---|---|
| PHILLIP PICONE, § | | |
| Plaintiff § | | |
| § | | |
| v. § | | |
| § | C.A. NO. 4:23-CV-1206 | |
| OFFICER A. ANCIRA, *in his* § | | |
| *Individual capacity*, and THE CITY OF § | | |
| HOUSTON, TEXAS, § | | |
| Defendants § | Judge Andrew Hanen | |

## DEFENDANT CITY OF HOUSTON, TEXAS'S REPLY TO PHILLIP PICONE AND FOOD NOT BOMBS HOUSTON, BRANDON WALSH'S RESPONSES TO HOUSTON'S MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant the City of Houston, Texas files this its Reply to Plaintiffs Phillip Picone and Food Not Bombs Houston and Brandon Walsh Responses to Houston's Motion for Summary Judgment on its claims and causes of action pursuant to Federal Rule of Civil Procedure 56.

# **TABLE OF CONTENTS**

I. NATURE AND STAGE OF THE PROCEEDINGS..................................1

II. ARGUMENT AND AUTHORITIES ............................................................1

    A. Intermediate scrutiny is the correct level of scrutiny for FNBH, Walsh and Picone's constitutional challenges ...................................1

    B. Section 1983 is not incompatible with health and safety laws ........4

    C. Houston's official policies do not violate *Monell* ..............................4

    D. The ordinance does not burden freedom of religion........................6

III. CONCLUSION AND PRAYER FOR RELIEF ..........................................9

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*City of Lakewood v. Plain Dealer Publ'g Co.*,
   486 U.S. 750 (1988) ……………………………,,,,,,,,,,………………................3

*Clark v. Cmty. for Creative Non-Violence*,
   468 U.S. 288, 294 (1984) ……………………………………………................2

*First Vagabond Church of God v. City of Orlando, Florida*,
   638 F.3d 756, 762 (11th Cir. 2011)………..………………………………...........2

*Fort Lauderdale Food Not Bombs v. City of Fort Lauderdale*,
   11 F.4th 1266 (11th Cir. 2021) ………….……………………………..................1

*McCullen v. Coakley*,
   573 U.S. 464 (2014) ……………………………………………………...............2

*Monell v. Dep't of Soc. Servs. v. New York*,
   436 U.S. 658, 694 (1978) ................................................................................5

*Santa Monica Food Not Bombs v. City of Santa Monica*,
   450 F.3d 1022, 1041 (9th Cir. 2006)…..………….………………………….…..3, 5

*Shuttlesworth v. City of Birmingham, Alabama*,
   394 U.S. 147, 151 (1969) ................................................................................6

*Texas v. Johnson*,
   491 U.S. 397, 403-04, 412 (1989) ....................................................................2

*TikTok, Inc. v. Garland*,
   604 U.S. ---, 145 S.Ct. 57 (2025) ……………….……………………...….6

*United States v. O'Brien*,
   391 U.S. 367, 377 (1968) ……..…………………………………………………2

*Ward v. Rock Against Racism*,
   491 U.S. 781, 791 (1989) …………………………..…………………….2

**Statutes**

U.S. Const. amend. I ................................................................................... *ibid*.

42 U.S.C. §1983 ............................................................................................ 4, 5

Tex. Civ. Prac. & Rem. Code §16.003 ....................................................... 5

Tex. Civ. Prac. & Rem. Code §16.051 ....................................................... 5

Tex. Loc. Gov't Code §51.003 ................................................................... 5

**Rules**

Federal Rule of Civil Procedure 56 ...................................................... *ibid*.

Pursuant to Federal Rule of Civil Procedure 56(c), Houston replies to Plaintiffs FNBH and Walsh's response to Houston's motion for summary judgment.

## I.   NATURE AND STAGE OF THE PROCEEDINGS

Plaintiffs Food Not Bombs Houston ("FNBH") and Brandon Walsh ("Walsh") filed their Complaint for Declaratory and Injunctive Relief on January 30, 2024 (Dkt. 1)[1]. Houston filed a consolidated motion for summary judgment on March 28, 2025 (Dkt. 46). Plaintiffs FNBH and Walsh responded on April 18, 2025 (Dkt. 53). Plaintiff Picone responded on April 18, 2025 (Dkt. 54). Houston now replies to Plaintiff Picone and FNBH and Walsh's response to Houston's motion for summary judgment (Dkt. 54).

## II.   ARGUMENT AND AUTHORITIES

### A.   Intermediate scrutiny is the correct level of scrutiny for FNBH, Walsh and Picone's constitutional challenges.

1.   No court has suggested that food sharing itself may not be regulated constitutionally. *See, e.g., Fort Lauderdale Food Not Bombs v. City of Fort Lauderdale*, 11 F.4th 1266, 1294 (2021). Where evaluating a content-neutral regulation of expressive conduct under a challenge brought by a Food Not Bombs chapter, as the United States Court of Appeals for the Eleventh Circuit did when evaluating Fort Lauderdale, Florida's Park Rule in 2021, the court subjected the analysis "only to intermediate scrutiny, not the more demanding requirements of

---

[1] Original Complaint in C.A. No. 4:24-CV-00338.

1

strict scrutiny." *Id*. In that case, the local Food Not Bombs chapter challenged the Park Rule that parks may not be used for social service purposes including the provision of food unless authorized pursuant to a written agreement with the City. *Id*. at 1292. That court found "under *United States v. O'Brien*, the Park Rule may regulate the Plaintiffs' expressive food sharing only so long as food sharing 'itself may constitutionally be regulated' … and the Park rule 'is narrowly drawn to further a substantial governmental interest' that is 'unrelated to the suppression of free speech.'" *Id*., citing *Clark v. Cmty. for Creative Non-Violence*, 468 U.S. 288, 294 (1984) (citing *United States v. O'Brien*, 391 U.S. 367, 377 (1968)).

    2.    Content-neutral regulations are subject to intermediate scrutiny. *Clark*, 468 U.S. at 294; *Texas v. Johnson*, 491 U.S. 397, 403-04, 412 (1989) (if State's regulation is not related to expression, then less stringent *O'Brien* standard for regulations of noncommunicative conduct controls); *First Vagabond Church of God v. City of Orlando, Florida*, 638 F.3d 756, 762 (11th Cir. 2011) (feeding ordinance survived Orlando Food Not Bombs' as-applied challenge under *O'Brien* test); *McCullen v. Coakley*, 573 U.S. 464, 479-81 (2014) (act regulating public access to sidewalks was not content or viewpoint based and therefore need not be analyzed under strict scrutiny); *Ward v. Rock Against Racism*, 491 U.S. 781, 791, 797 (1989) (regulation that serves purposes unrelated to the content of expression is deemed neutral and need not be the least restrictive or least intrusive means of doing so);

*Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1041 (9th Cir. 2006) (time, place and manner restrictions need not be the least restrictive alternative available). Based on this review of legal challenges brought by local Food Not Bombs groups across the country, no court has applied a strict scrutiny analysis to similar local ordinances challenged on constitutional grounds. *Id*.

    3.    If a statute is not content-neutral with respect to speech, then it must meet the test of being the least restrictive means of achieving a compelling state interest in order to survive heightened scrutiny. *Id*. However, this heightened scrutiny standard does not apply to Houston's ordinance because the statute is content-neutral with respect to speech, expressive conduct, expressive association, and religion. *Id*. Houston has given advance permission to groups including groups affiliated with religious organizations that wish to conduct charitable feeding at the pre-approved location of 61 Riesner. *See* Deposition of Jennifer Lynn Kennedy at 46-53, attached as **Exh. A**; HHD Charitable Feeding website (Dkt. 46.5); deposition of Renee Beckham at 156-57, attached as **Exh. B** and Exhibit 46 to Renee Beckham's deposition, attached as **Exh. B(1)**. There is zero risk of censorship because Houston has pre-approved a suitable location for food service that is available 24 hours a day, 7 days a week. *Id*.; *City of Lakewood v. Plain Dealer Publ'g Co.*, 486 U.S. 750 (1988). Registration is optional for use of 61 Riesner—charitable food providers can "just show up." *See* deposition of Renee Beckham at

154-57, attached as **Exh. B**. By its plain language and in practice, the ordinance does not censor speech, expression, expressive conduct, expressive association, or religious practices.

4. Houston's health and safety interests are compelling, as supported by Houston's competent summary judgment evidence including the testimony of Saima Kadir and Brandon Walsh and exhibits thereto, and Houston's regulations are not any more restrictive than necessary. *See* Deposition of Saima Kadir at 102-121, attached as **Exh. C**; Deposition of Brandon Walsh at 63-67, attached as **Exh. D**; Exhibits 12 and 13 to Brandon Walsh's deposition, attached as **Exhs. D(1), D(2)**. Strict scrutiny is not the appropriate level of scrutiny for Houston's ordinance, and Plaintiffs' facial challenge cannot succeed because the ordinance serves a substantial government interest and on its face does not infringe upon Plaintiffs' constitutional freedoms.

**B.     Section 1983 is not incompatible with health and safety laws.**

5. Plaintiffs FNBH and Picone sued Houston in 2019 unsuccessfully on their facial and as-applied challenges to the ordinance. *See* Deposition of Phillip Picone at 57-58, attached as **Exh. E**; First Amended Complaint in C.A. No. 4:19-cv-1661 attached as **Exh. E(1)**; *see also* First Amended Complaint in C.A. No. 4:23-cv-1206, attached as **Exh. E(2)**; Order in C.A. No. 4:19-cv-1661, attached as **Exh. E(3)**. The ordinance was not facially unconstitutional then, and it is not facially

4

unconstitutional now. The ordinance language has not changed since 2015 and Plaintiffs' repeated challenges over four years later surpass the limitations periods under 42 U.S.C. §1983 and the Texas Civil Practice and Remedies Code. 42 U.S.C. §1983; TEX. CIV. PRAC. & REM. CODE §16.003; 16.051.

6.  Plaintiffs misunderstand the deference accorded to local health and safety ordinances by challenging the application of Section 51.003 of the Texas Local Government Code on federal preemption grounds. *See* FNBH and Walsh Response at 11 (Dkt. 53); TEX. LOC. GOV'T CODE §51.003. Plaintiffs are correct that Section 51.003 cannot shield a municipality from a meritorious facial constitutional challenge. However, that is not the appropriate analysis here, as Plaintiffs' challenge is correctly analyzed under intermediate scrutiny appropriate for a time, place and manner restriction and is not unconstitutional on its face or as applied. *See, e.g., Santa Monica Food Not Bombs*, 450 F.3d at 1041. Houston's competent summary judgment evidence supports the findings that the same government concerns present during the ordinance's enactment—ensuring food quality, minimizing environmental impact, and expanding opportunities for the homeless to connect with service providers—are still present today. Houston's legislative solution constitutionally supports these significant government interests and should be upheld. Plaintiffs' untimely facial challenge should be dismissed.

**C.      Houston's official policies do not violate *Monell*.**

7.      Houston's policies regulating outdoor charitable feeding do not violate *Monell v. Dep't of Soc. Servs. v. New York*, 436 U.S. 658, 694 (1978). Houston ordinance Sections 20-252 and 20-257 are content neutral and are not the moving force behind the violation of Plaintiffs' constitutional rights. Plaintiffs have submitted no competent summary judgment evidence showing a pattern and practice of discrimination. Houston has submitted competent summary judgment evidence that the ordinance is applied broadly and fairly, following verbal and written warnings, and with ample opportunities for compliance prior to enforcement action, where appropriate. *See, e.g.,* Affidavit of Captain Kennedy at 4 (Dkt. 46.3). No one has ever been arrested for conducting charitable feeding at the Downtown Central Library. *Id*. Plaintiffs have no support for the proposition that Houston's charitable feeding ordinance promulgated by an official policy maker caused a deprivation of Plaintiffs' constitutional rights under the First Amendment and Houston's motion for summary judgment on Plaintiffs' *Monell* claims should be granted. *Monell,* 436 U.S. at 694.

**D.      The ordinance does not burden freedom of religion.**

8.      The ordinance is content-neutral and completely agnostic. It "neither references the content of the speech" nor "reflects disagreement with the message such speech conveys." *TikTok v. Garland*, 604 U.S. --- , 145 S.Ct. 57, 68 (2025).

Those who provide food subject to the ordinance often do so out of sincerely held religious beliefs. *See* Deposition of Renee Beckham and Exhibit 46 thereto, attached as **Exhs. B, B(1)**. Houston supports and is grateful for their service and appreciates the charitable food service they provide. *See* Notice installed at 500 McKinney (Dkt. 46.8). The improved amenities at 61 Riesner ensure sanitary conditions for the providers as well as the recipients of the food. *Id*. By providing a dedicated location at 61 Riesner with access 24 hours per day, 7 days per week, Houston supports and eases the burdens of the charitable food providers, not the opposite.

9. The Houston designated location across the street from the active Municipal Courthouse at 61 Riesner Street is available to all organizations for charitable feeding purposes. *Id*. Government may, consistent with the First Amendment, enforce reasonable time, place, and manner regulations on expression. U.S. CONST. amend. I; *Shuttlesworth v. City of Birmingham, Alabama*, 394 U.S. 147, 151 (1969). As a narrowly tailored time, place, and manner restriction, Houston's ordinance and its regulations do not infringe on Plaintiff's First Amendment free exercise of religion.

10. Plaintiffs cannot establish a direct causal link between Houston's municipal policy as set forth in the content neutral charitable food sharing ordinance and HHD regulations at issue and the alleged constitutional deprivations (free speech, religion, and expressive association). U.S. CONST. amend. I. The

7

constitutionality of Houston's charitable food service ordinance Sections 20-252 and 20-257 should be upheld pursuant to Federal Rule of Civil Procedure 56 and Plaintiff's challenge seeking to invalidate parts of the ordinance should be dismissed.

### III.   CONCLUSION AND PRAYER FOR RELIEF

For the reasons stated above, Defendant City of Houston respectfully requests that its motion for summary judgment pursuant to Rules 56 of the Federal Rules of Civil Procedure be granted and that this Court grant such other relief to which Defendant may be justly entitled.

Respectfully submitted,

**ARTURO G. MICHEL**
City Attorney
**SUZANNE R. CHAUVIN**
Chief, General Litigation Section


By:   */s/ M. Lucille Anderson*
M. Lucille Anderson
Sr. Assistant City Attorney III
Federal ID No. 19377
Texas Bar No. 00793260
City of Houston Legal Department
P.O. Box 368
Houston, Texas 77001-0368
832.393.6485
832.393.6259 Fax

**ATTORNEYS FOR DEFENDANT
CITY OF HOUSTON, TEXAS**

**OF COUNSEL:**

Kenneth Soh
Sr. Assistant City Attorney III
Federal ID No. 11882
Texas State Bar No.: 00794670
Kenneth.soh@houstontx.gov
City of Houston Legal Department
P.O. Box 368
Houston, Texas 77001-0368
832.393.6485
832.393.6259 Fax

9

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 30, 2025, I served the following attorneys with a true and correct copy of the foregoing document in accordance with Rule 5(b)(3) of the Federal Rules of Civil Procedure via the court's electronic filing / service system (and/or mail to the plaintiff).

Randall Hiroshige
Travis Fife
Christina Beeler
Texas Civil Rights Project
1405 Montopolis
Austin, Texas 78741
(512) 474-5073

Remington Alessi
Attorney at Law
PO Box 230381
Houston, Texas 77223
(281) 438-3733

Randall L. Kallinen
Alexander C. Johnson
Kallinen Law PLLC
511 Broadway Street
Houston, Texas 77012
(713) 320-3785

                                        */s/ M. Lucille Anderson*
                                        M. Lucille Anderson
                                        Senior Assistant City Attorney